CHARLES O. GATES, Respondent, *v.* WILLIAM M. DUDGEON, as Executor of and Trustee under the Last Will and Testament of RICHARD DUDGEON, Deceased, Appellant.

*Contract for the sale of land, by correspondence — proof required to establish it — acceptance of an offer upon terms varying therefrom.*

While a contract for the sale of lands may be established by correspondence, it must appear therefrom that there was an offer and acceptance of all the essentials without qualification and in precise terms.

In determining whether the contract has been established, the court should consider the entire correspondence, and not a part thereof only.

Where A makes to B an offer to pay a specified sum for certain real estate, the conveyance to be made to a third person, and B replies, stating that his title rests upon adverse possession only, and that if A, upon an examination of such title, is satisfied therewith, he will execute a conveyance to A, no contract results, as an acceptance upon terms varying from the offer is but a rejection.

APPEAL by the defendant, William M. Dudgeon, as executor of and trustee under the last will and testament of Richard Dudgeon, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 23d day of January, 1902, upon the decision of the court rendered after a trial at the Kings County Special Term.

*Daniel P. Hays* [*Ralph Wolf* with him on the brief], for the appellant.

*David C. Bennett, Jr.,* for the respondent.

JENKS, J.:

This is an action for specific performance of a contract to convey real estate wherein the defendant pleads the Statute of Frauds. (2

R. S. 135, §§ 8, 9; Real Prop. Law [Laws of 1896, chap. 547], § 224.) The plaintiff insists that the contract is made out by the letters of the parties. In the determination of that question we should consider the entire correspondence, and not rest at the reading of but a part thereof. (*Hussey* v. *Horne-Payne,* L. R. 4 App. Cas. 311; *May* v. *Thomson,* L. R. 20 Ch. Div. 705; *Barrow Steamship Co.* v. *M. C. R. Co.,* 134 N. Y. 15, 23; *Carter* v. *Shorter,* 57 Ala. 253.) In *Hussey* v. *Horne-Payne* (*supra*), an action for specific performance, where reliance was upon correspondence, CAIRNS, L. C., said: "You must take into consideration the whole of the correspondence which has passed. You must not at one particular time draw a line and say: 'We will look at the letters up to this point and find in them a contract or not, but we will look at nothing beyond.' In order fairly to estimate what was arranged and agreed, if anything was agreed between the parties, you must look at the whole of that which took place and passed between them." In *May* v. *Thomson* (*supra*) LINDLEY, L. J., speaking of letters, says: "It appears to me there is not any portion of this correspondence which can be fairly separated from the rest and be treated as a concluded agreement. It appears to me that each letter is modified by the one which follows it and that there is never a period throughout at which we can stop and say: Here is a definite and concluded agreement between the parties. The case of *Hussey* v. *Horne-Payne,* before the House of Lords, shews that we must look at the whole correspondence from beginning to end. Of course, if we find a few letters which are perfectly plain in themselves, which shew an agreement, and the parties do not follow them up by further correspondence, we have a comparatively easy case; but, where each letter is followed immediately by another, which suggests something else as a topic of further discussion, it becomes most dangerous to draw a line after any particular letter."

The first letter of the plaintiff may be read as an offer of the plaintiff to pay $3,000 cash for the realty to be conveyed, to a third person named, by the usual trustee's deed, without warranty. The answer of the defendant states that his title rests on adverse possession only and suggests an examination by the plaintiff, and that, if plaintiff is satisfied, he is ready to give the usual trustee's deed without warranty to the plaintiff. The consideration is not named or

confirmed. Even if it should be inferred that the defendant agreed upon the price, this is but an inference from his silence. But, assuming that the minds met as to the property to be conveyed and the price to be paid therefor, it is clear that the defendant did not agree to execute the conveyance to any third person as proposed by the plaintiff or to do so unless the plaintiff was satisfied, after considering his statement, of the source of his title and his suggestion that the plaintiff should examine into the title. If A says to B, "I am ready to pay $1,000 for your farm, Blackacre, if you will make the deed to C," and B answers, "I will give you a deed for that sum," there is no meeting of the minds. B has a perfect right to insist who shall be his grantee, and his offer to accept A as grantee is not an acceptance of A's offer that C shall be the grantee. An acceptance upon terms varying from the offer is but a rejection. (*Minneapolis, etc., Ry.* v. *Columbus Rolling Mill,* 119 U. S. 149; *Mahar* v. *Compton,* 18 App. Div. 536.) That the plaintiff did not consider that the minds had met in contract appears from his letter of May sixth, for he accepts the suggestion to look into the title and calls attention to the omission of the defendant to state the consideration or to agree to execute a deed to some grantee other than the plaintiff. The letter of May thirteenth is not confirmatory, but is an invitation for a further and a general conference upon the subject-matter. The letter of May thirteenth is written to inclose a draft for a deed, while that of June third offers to "go over the matter," although the writer states that he supposed that it had been settled save as to formalities.

Upon consideration of this correspondence I think that it does not establish a meeting of the minds upon all of the essentials which must be embodied in a contract, but that it must be construed as the writing of preliminary negotiation, which shows progress towards an agreement, but not the completion thereof. While a contract may be established by correspondence, it must appear therefrom that there was an offer and an acceptance of all the essentials without qualification and in precise terms. (*Barrow Steamship Co.* v. *M. C. R. Co.; supra; Brown* v. *N. Y. Central R. R. Co.,* 44 N. Y. 79; Bish. Cont. [Enl. ed.] § 323.) In *Stratford* v. *Bosworth* (2 V. & B. 341) the vice-chancellor cites the rule of ELDON, L. C., in *Huddleston* v. *Briscoe* (11 Ves. Jr. 583): "The court is not to decree

performance unless it can collect upon a fair interpretation of the letters that they import a concluded agreement; that, if it rests reasonably doubtful whether what passed was only treaty, let the progress towards the confines of agreement be more or less, the court ought rather to leave the parties to law than specifically to perform what is doubtful as a contract."

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the final award of costs.