## MINNEAPOLIS AND ST. LOUIS RAILWAY v. COLUMBUS ROLLING MILL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

Argued November 12, 1886. — Decided November 29, 1886.

A reply to an offer of sale, purporting to accept it on terms varying from those offered, is a rejection of the offer and leaves it no longer open.

On December 8, A offered to sell to B 2000 to 5000 tons of iron rails on certain terms specified, adding that if the offer was accepted A would expect to be notified prior to December 20. On December 16, B replied, directing A to enter an order for 1200 tons, " as per your favor of the 8th." On December 18, A declined to fulfil B's order. *Held,* that the negotiation between the parties was closed, and that an acceptance by B on December 19 of the original offer did not bind A.

The submission of a question of law to the jury is no ground of exception if they decide it aright.

. This was an action by a railroad corporation established at Minneapolis in the State of Minnesota against a manufacturing corporation established at Columbus in the State of Ohio. The petition alleged that on December 19, 1879, the parties made a contract by which the plaintiff agreed to buy of the defendant, and the defendant sold to the plaintiff, two thousand tons of iron rails of the weight of fifty pounds per yard, at the price of fifty four dollars per ton gross, to be delivered free on board cars at the defendant's rolling mill in the month of March, 1880, and to be paid for by the plaintiff in cash when so delivered. The answer denied the making of the contract. It was admitted at the trial that the following letters and telegrams were sent at their dates, and were received in due course, by the parties, through their agents:

December 5, 1879. Letter from plaintiff to defendant: " Please quote me prices for 500 to 3000 tons 50 lb. steel rails, and for 2000 to 5000 tons 50 lb. iron rails, March 1880 delivery."

December 8, 1879. Letter from defendant to plaintiff: " Your favor of the 5th inst. at hand. We do not make steel rails. For iron rails, we will sell 2000 to 5000 tons of 50 lb.

rails for fifty-four ($54.00) dollars per gross ton for spot cash, F. O. B. cars at our mill, March delivery, subject as follows: In case of strike among our workmen, destruction of or serious damage to our works by fire or the elements, or any causes of delay beyond our control, we shall not be held accountable in damages. If our offer is accepted, shall expect to be notified of same prior to Dec. 20th, 1879."

December 16, 1879. Telegram from plaintiff to defendant: "Please enter our order for twelve hundred tons rails, March delivery, as per your favor of the eighth. Please reply."

December 16, 1879. Letter from plaintiff to defendant: "Yours of the 8th came duly to hand. I telegraphed you to-day to enter our order for twelve hundred (1200) tons 50 lb. iron rails for next March delivery, at fifty-four dollars ($54.00) F. O. B. cars at your mill. Please send contract. Also please send me templet of your 50 lb. rail. Do you make splices? If so, give me prices for splices for this lot of iron."

December 18, 1879. Telegram from defendant to plaintiff, received same day: "We cannot book your order at present at that price."

December 19, 1879. Telegram from plaintiff to defendant: "Please enter an order for two thousand tons rails, as per your letter of the sixth. Please forward written contract. Reply." [The word "sixth" was admitted to be a mistake for "eighth."]

December 22, 1879. Telegram from plaintiff to defendant: "Did you enter my order for two thousand tons rails, as per my telegram of December nineteenth? Answer."

After repeated similar inquiries by the plaintiff, the defendant, on January 19, 1880, denied the existence of any contract between the parties.

The jury returned a verdict for the defendant, under instructions which need not be particularly stated; and the plaintiff alleged exceptions, and sued out this writ of error.

*Mr Eppa Hunton* for plaintiff in error. *Mr. C. N. Olds* and *Mr. L. J. Critchfield* filed a brief for same.

*Mr. Richard A. Harrison*, for defendant in error, submitted on his brief.

Mr. Justice Gray, after making the foregoing statement of the case, delivered the opinion of the court.

The rules of law which govern this case are well settled. As no contract is complete without the mutual assent of the parties, an offer to sell imposes no obligation until it is accepted according to its terms. So long as the offer has been neither accepted nor rejected, the negotiation remains open, and imposes no obligation upon either party; the one may decline to accept, or the other may withdraw his offer; and either rejection or withdrawal leaves the matter as if no offer had ever been made. A proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested. The other party, having once rejected the offer, cannot afterwards revive it by tendering an acceptance of it. *Eliason* v. *Henshaw*, 4 Wheat. 225; *Carr* v. *Duval*, 14 Pet. 77; *National Bank* v. *Hall*, 101 U. S. 43, 50; *Hyde* v. *Wrench*, 3 Beavan, 334; *Fox* v. *Turner*, 1 Bradwell, 153. If the offer does not limit the time for its acceptance, it must be accepted within a reasonable time. If it does, it may, at any time within the limit and so long as it remains open, be accepted or rejected by the party to whom, or be withdrawn by the party by whom, it was made. *Boston & Maine Railroad* v. *Bartlett*, 3 Cush. 224; *Dickinson* v. *Dodds*, 2 Ch. D. 463.

The defendant, by the letter of December 8, offered to sell to the plaintiff two thousand to five thousand tons of iron rails on certain terms specified, and added that if the offer was accepted the defendant would expect to be notified prior to December 20. This offer, while it remained open, without having been rejected by the plaintiff or revoked by the defendant, would authorize the plaintiff to take at his election any number of tons not less than two thousand nor more than five thousand, on the terms specified. The offer, while unrevoked, might be accepted or rejected by the plaintiff at any time before December 20. Instead of accepting the offer made, the plaintiff, on December 16, by telegram and letter, referring to

the defendant's letter of December 8, directed the defendant to enter an order for twelve hundred tons on the same terms. The mention, in both telegram and letter, of the date and the terms of the defendant's original offer, shows that the plaintiff's order was not an independent proposal, but an answer to the defendant's offer, a qualified acceptance of that offer, varying the number of tons, and therefore in law a rejection of the offer. On December 18, the defendant by telegram declined to fulfil the plaintiff's order. The negotiation between the parties was thus closed, and the plaintiff could not afterwards fall back on the defendant's original offer. The plaintiff's attempt to do so, by the telegram of December 19, was therefore ineffectual and created no rights against the defendant.

Such being the legal effect of what passed in writing between the parties, it is unnecessary to consider whether, upon a fair interpretation of the instructions of the court, the question whether the plaintiff's telegram and letter of December 16 constituted a rejection of the defendant's offer of December 8 was ruled in favor of the defendant as matter of law, or was submitted to the jury as a question of fact. The submission of a question of law to the jury is no ground of exception if they decide it aright. *Pence* v. *Langdon*, 99 U. S. 578.

*Judgment affirmed.*