DANIEL W. HORNE & another *vs.* W. K. NIVER & another.

Middlesex. January 18, 1897. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Offer — Acceptance.*

If an offer to sell goods calls for an immediate reply by telegraph, an answer by mail two days later is not in time to constitute a good acceptance of the offer.

CONTRACT, for breach of an agreement to sell a certain quantity of coal. Trial in the Superior Court, without a jury, before *Blodgett*, J., who found for the defendants; and the plaintiffs alleged exceptions. The facts material to the point decided appear in the opinion.

*W. H. Bent*, for the plaintiffs.

*B. L. M. Tower*, for the defendants.

HOLMES, J. This is an action on an alleged contract· to sell four hundred tons of coal at two dollars and a half a ton. On July 17, 1895, the defendants wrote to the plaintiffs, offering " a very low figure on a small lot of our Columbia coal from Salem." The letter continued, " We beg to quote you $2.50 on cars at that place, and should you deem it wise to favor us with an order of 5 or 600 tons, kindly wire us at our expense on receipt of this." On July 19 the plaintiffs replied, ordering four hundred tons. The presiding judge, against the plaintiffs' request and exception, ruled that the answer was not in time to constitute a good acceptance, and found as a fact that the offer was not accepted according to its terms. The ruling was clearly right as applied to

the written offer alone, since the offer did not purport to extend beyond the time for a reply by telegraph; *Eliason* v. *Henshaw*, 4 Wheat. 225; *Maclay* v. *Harvey*, 90 Ill. 525; and so far as appears the finding was justified. *Minneapolis & St. Louis Railway* v. *Columbus Rolling Mill*, 119 U. S. 149, 152. There was conflicting evidence of some conversation between the two letters, which is relied on as showing that the offer was treated as open; but as the judge found that the only oral agreement made was conditional upon the coal not having been all disposed of, as in fact it had been, the talk cannot help the plaintiffs.

The finding just mentioned made the plaintiffs' other requests for rulings as to a verbal extension of time or consent to an acceptance on July 19 immaterial.　　*Exceptions overruled.*