BOWEN v. HART.

'(Circuit Court of Appeals, Fifth Circuit. April 17, 1900.)

No. 878.

1. PLEADING—ISSUES AND PROOF—ACTION FOR BREACH OF CONTRACT.

An action at law in which the petition alleges the making of a contract with defendant's testator by which plaintiff was to have a one-third interest in certain lands in consideration of services rendered in clearing the title thereto, and that defendant, as executor, has refused to recognize plaintiff's interest in such lands, and which sets out a list of the lands, giving their value, and prays judgment for one-third the amount, and contains no count or claim on account of work and labor done or for services rendered, is an action for breach of the contract alleged, and not to recover for the services; and, unless such contract is proved, there can be no recovery.

2. CONTRACTS—ACCEPTANCE OF OFFER.

Plaintiff, while engaged in looking up lands owned by another, clearing up the title, obtaining possession, etc., wrote to the owner, proposing_that he should receive for his services in such employment one-half the lands and pay his own expenses, or one-third of the lands and his expenses. In answer the owner ,wrote: "Go ahead and get all our lands clear, and, after all entanglements are removed, satisfactory settlement will be made. Perhaps your ideas are not too high." *Held*, that this was not such an acceptance of plaintiff's offer as to create a contract.[1]

Maxey, District Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of Texas.

The petition beginning this action was filed by R. D. Bowen against E. J. Hart, Jr., as the executor of E. J. Hart, Sr., and it is alleged: "That on or about the 16th day of November, 1888, and both prior and subsequent thereto, for valuable consideration, E. J. Hart, Sr., since deceased, employed your petitioner to clear up the title to all lands in Texas belonging to or claimed by said Hart, and obligated himself, after all entanglements were removed, to deliver to your petitioner one-third of all of said lands from which such entanglements might be removed by him, a partial list and description of which lands are contained in Exhibit A hereto attached, the titles to all of which lands were from time to time incumbered by divers clouds and entanglements and adverse claimants, and persons in possession denying the title of the said E. J. Hart, Sr., deceased; that, under and by virtue of such employment, your petitioner began immediately to clear the title of said lands from all entanglements, remove clouds, and recover possession of the same, and with diligence prose-

[1] As to mutuality in contracts, see note to American Cotton-Oil Co. v. Kirk, 15 C. C. A. 543.

cuted said work from said November 16, 1888, and prior and subsequent thereto." The petitioner then alleges that he was discharged on May 7, 1896, by the defendant, as executor, from the further performance of his duties under the contract. The petition then states: "Your petitioner represents that in clearing said title to said lands of all entanglements and securing possession thereof he performed, among others, the services substantially as follows: [Here follows an elaborate statement in seven printed pages of the services rendered by the petitioner under the alleged contract in removing the "entanglements with reference to the titles" of each separate tract of land.]" The petition then concludes in these words: "Your petitioner further represents that under the said contract with E. J. Hart, Sr., he has been and is now entitled to the possession of an undivided one-third interest in and to each tract of land described in the said Exhibit A, and that, being so entitled to the possession, the said E. J. Hart, Jr., acting for and on behalf of the estate of E. J. Hart, Sr., deceased, has unlawfully ousted your petitioner of his right to the said lands, and has held and is now holding the same adversely to your petitioner since May 7, 1896; that your petitioner on or about said last-named date demanded of the said E. J. Hart, Jr., the said one-third undivided interest in said lands, and that he be recognized as the owner thereof, which said demand on the part of your petitioner was refused, and the said lands were claimed and held by said E. J. Hart, Jr., as the property of the estate of his deceased testator, and the said contract between your petitioner and E. J. Hart, Sr., deceased, was broken, and your petitioner discharged from further service thereunder from and after said last-named date, whereby the said estate of E. J. Hart, Sr., became obligated and bound to pay to your petitioner one-third of the reasonable market value of said lands, which is here alleged to be the several amounts set opposite said several tracts of land, the said one-third aggregating the sum of $30,631.66; that heretofore, since the qualification of the said E. J. Hart, Jr., as executor of the estate of E. J. Hart, Sr., deceased, your petitioner has presented to the said E. J. Hart, Jr., his claim upon the estate of E. J. Hart, Sr., deceased, as set out in Exhibit A, which is made a part hereof as to the said claim, together with the affidavit thereof attached; that said E. J. Hart, Jr., acting for and on behalf of the estate of E. J. Hart, Sr., deceased, has rejected the said claim, and failed to indorse thereon a memorandum thereof, and the same is now a just demand against the estate of E. J. Hart, Sr., deceased, and all legal offsets, payments, and credits known to affiant have been allowed thereon. Wherefore your petitioner prays for a judgment against the estate of E. J. Hart, Sr., deceased, in the sum of $30,631.66, with interest at the rate of six per cent. per annum from May 7, 1896, and he further prays for judgment, and that the same be certified to the county court for observance, and for general and special relief." The Exhibit A referred to is a schedule or list of the lands alleged to be freed from "entanglements" as to the titles. It states the county in which each tract is situated, and its abstract number, its certificate number, the name of the grantee, the number of acres, its estimated value, and, in the last column, headed "Bowen's 1-3," is stated the value of one-third of each tract; the estimated value of all the lands being $91,895, and the estimated value of "Bowen's 1-3" being $30,631.66.

The defendant's answer to this petition contained, first, a demurrer alleging various grounds of demurrer. As the demurrer was never passed on by the circuit court, it need not be stated in detail. The answer also interposed the defense of the statute of limitation of two years and the statute of limitation of four years. It was also alleged in the answer that there had been a settlement between the parties, and that the defendant had paid the plaintiff a large sum on such settlement, and that this was in accord and satisfaction of the matters set up in this section. The answer also contained a general denial of all the averments in the petition.

The plaintiff filed a replication or supplemental petition, replying to the defendant's answer. The replication was as follows: "That the contract referred to in plaintiff's original and amended petition, hereinbefore filed, was entered into on or about the 16th day of November, 1888; that plaintiff began to carry out the obligations devolving upon him thereunder, as alleged in plaintiff's original petition, and so continued until his discharge from said contract by defendant, on or about the 7th day of May, 1896; that an undivided one-

third interest in and to the lands described in plaintiff's original petition was recognized to be had and held for your petitioner by E. J. Hart, Sr., during his lifetime, and his estate since his death, and by Mrs. Juliana Hart, his devisee, until on or about the 7th day of May, 1896, when for the first time plaintiff demanded a conveyance thereof to him, and the said estate and said Mrs. Juliana Hart, by and through defendant acting as executor of said estate and agent of the said Juliana Hart, refused to make said conveyance, and refused to recognize the right of plaintiff thereto, thereby for the first time violating the obligations of said E. J. Hart, Sr., and of his estate, to carry out and perform the obligations devolving upon said E. J. Hart, Sr., and his estate to this plaintiff under said contract. Your petitioner further represents that there was a mutual account pending between your petitioner and the firm of E. J. Hart & Co. and E. J. Hart, Sr., in his lifetime, and his estate after his death; that said account was kept in the books of the firm of E. J. Hart & Co., and remained an outstanding mutual account between your petitioner and said E. J. Hart, Sr., from a date previous to November 16, 1888, until the death of said E. J. Hart, Sr., and until the discharge of your petitioner, on or about May 7, 1896, by defendant herein; that no refusal had been made to settle the same so far as the same related to services rendered by your petitioner in investigating and clearing up the title and removing entanglements from the title to the lands described in plaintiff's petition and amended petition until May 7, 1896; that from time to time said E. J. Hart, Sr., in his lifetime, and this defendant after his death, acting as his executor, promised your petitioner that the demand of your petitioner for a settlement of the said lands and a conveyance to your petitioner thereof would be made, and the rights of your petitioner in said lands recognized, until on or about May 7, 1896, when your petitioner was discharged from said service, and the defendant then for the first time refused to recognize your petitioner's rights in said lands or to pay your petitioner for the services rendered in clearing the title to the same from clouds and entanglements, and removing from the possession thereof claimants and occupants adverse to the title of the said E. J. Hart, Sr. Wherefore petitioner represents that the statute of limitation cannot bar the right of your petitioner to recovery herein, and of this he puts himself upon the country." The case was tried on these pleadings. The following four letters were offered by the plaintiff in proof of the contract alleged in the petition:

"October 30, 1888.

"Mr. E. J. Hart, President Canal & Claibourne R. R. Co., New Orleans, La.— Dear Sir: I regret that I did not see more of you when in New Orleans last, as it is necessary for a vigorous course to be pursued in regard to lands. I gathered valuable evidence on my trip North, but I find your property out here, with the exception of paying taxes, has been neglected, and it will require a considerable time and expense to get lands, etc., in the proper shape, and you must bear in mind that under our present arrangement I can make little or nothing, as this land investigation takes nearly all my time from mercantile work. In my last communication with you on this subject you assured me everything would be made satisfactory when all matters were clear and finished, but when I leave Galveston again on land trip it will be necessary, as now, to devote about four-fifths of my time to looking after and trying to recover some of your lands, and it will be better for us to have an understanding in advance as to my reimbursement. The Edwards survey, Montgomery county, is badly mixed up, and I will report under separate cover details of the same to the firm. Under laws of Texas, Morefield can claim and hold one hundred and sixty acres of the Edwards, and he is aware of this fact, and it will require prudent means to get it from him. Most all of the land in McCulloch county is virtually lost to you, and must be recovered. A small portion of the Evans survey in McLennan county, and all of the Stewart survey in the same county, is in the same fix, and it will require prompt, ingenious, and continued activity to recover same. One hundred and sixty acres of the Snell survey, Harris county, is in the same fix; and also another survey, which will receive attention later. The usual charge in Texas for such services is one-half of the land, where person doing the work pays all expenses, and one-third of the land where owner pays expenses. I am not able to advance ex-

penses, which can be advanced to me by the firm; and, after all land complications are finally settled and clear, we can settle upon the above basis. If you prefer all expenses advanced, can charge to me, and when work is completed I take one-half of the land in settlement, or I to get credit for expenses advanced, and take one-third of the land, and a fair compensation be allowed me separately for mercantile services. I know you will do what is right, but it is better to settle all such affairs in advance; so please let me hear from you at once concerning this, as it is essential for this land trip to be continued now in order to be successful. I think I can recover most every acre of lost land, and, if I do compromise any, it will be as much to our advantage as possible. If you will read all of my reports, you can form a fair idea of these land complications, and the work, time, and expense required to correct the same, and this class of work cannot be rushed. Under separate cover I will write you concerning a rare plant which might be nice for your flower garden. Address me as below.

"Yours, R. D. Bowen.

"111 Market Street, Galveston, Texas."

"Canal & Claibourne R. R. Co.

"E. J. Hart, Pres. Jas. H. Degrange, Sec.

"No. 6 Canal Street.

"New Orleans, La., November 3, 1888.

"Mr. R. D. Bowen, 111 Tremont St., Galveston, Texas—Dear Sir: Thanks for offer in your kind favor of October 30th just at hand. Mrs. Hart will be much pleased to receive the cutting of a sea bean sent originally from South America that your friend has growing in Galveston. With good wishes, and hoping that your trip will prove pleasant and profitable,

"Yours, truly, E. J. Hart.

"C. K. H. returned last evening. His reports are favorable to your joint interest."

"November 11, 1888.

"E. J. Hart & Co., c/o Canal & Claibourne R. R. Co., New Orleans, La.— Dear Sir: I am just in receipt of your favor 3d inst., and note you hope my land trip will prove 'pleasant and profitable.' I look for profit eventually, but for little pleasure. As you do not comment upon compensation as mentioned by me in one of my letters of October 30, 1888, I presume terms mentioned by me are satisfactory to you, and shall continue to attend to land and firm's other business upon the basis of terms mentioned in my letter to you of October 30th, '88. I think I can get rid of Morefield by giving up only about seventy-five acres, which will be a saving of about eighty-five acres. I will write particulars of this under separate cover to the firm. I hope that you and Mrs. Hart will like the sea bean plant, which is the finest I ever saw. Write me at Waco, Texas, c/o W. M. Sleeper.

"Yours, R. D. Bowen.'

"Office Canal & Claibourne R. R. Co.

"E. J. Hart, Pres. Jas. H. Degrange, Sec

"No. 6 Canal Street.

"New Orleans, La., Nov. 16, 1888.

"Mr. R. D Bowen, c/o Judge W. M. Sleeper, Waco, Texas—Dear Sir: Your favor of 11—11—88 recd. and noted. Don't get restless. Go ahead and get all your lands clear, and, after all entanglements are removed, satisfactory settlement will be made. Perhaps your ideas are not too high. Whilst attending to lands, don't forget to sell goods where you can spare time. With best wishes for your success.

"Very truly, yours, E. J. Hart."

On the question whether the letters constituted a contract, and on the question of the statutes of limitation, the court charged the jury as follows: "The defendant also, among other things, pleads as a bar to recovery in this action the statute of limitation, which provides that certain actions must be brought

within two years from the date at which such actions accrue. As to the law of the case, the court charges you that the letters which passed between R. D. Bowen and E. J. Hart, Sr., in October and November, 1888, and which have been introduced in evidence, do not in law constitute a contract, as there was no sufficient acceptance of the proposition contained in the letters of the plaintiff by E J. Hart, Sr. There was not that meeting of the minds of the writers in relation to the compensation which plaintiff was to receive for his services which is necessary in order to give to correspondence the binding effect of a contract. The defendant has pleaded the statute of limitations of two years, in bar of plaintiff's demand, and you are instructed that if you believe from the evidence that the plaintiff was discharged from his employment in connection with the Texas land which belonged to E. J. Hart, Sr., at a date more than two years prior to April 30th, 1898, which is the date when suit was filed in this claim, then it would be your duty to find for the defendant. If you find from the evidence that plaintiff was discharged from his said employment at a date within two years before April 30th, 1898, then you will ignore the question of the statute of limitation." The jury found a verdict for the defendant. The plaintiff reserved exceptions to these charges given by the court, as well as other exceptions not material to state, and sued out this writ of error.

Eugene Williams, for plaintiff in error.

George Clark and Chas. P. Fenner (Chas. E. Fenner, Sam Henderson, Jr., and S. C. Bolinger, on the brief), for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The claim asserted and sued on is a contract, and the evidence offered to sustain it is the correspondence between the plaintiff and the defendant's testator. It is claimed that the correspondence entitles the plaintiff to one-third of certain lands, or the value of them for services rendered by the plaintiff under the contract in clearing up the titles to the lands. It is alleged that "the plaintiff is now entitled to the possession of an undivided one-third interest" in the lands. It is further alleged that "having demanded possession of the lands and been refused by the defendant," the said contract was broken, * * * whereby the defendant becomes obligated to pay your petitioner one-third of the reasonable market value of said lands." The petitioner, therefore, prays for $30,631.66, which is the alleged value of the plaintiff's "Bowen's ⅓" of the lands. The action is at law. It is not a suit in equity for specific performance or for partition; but it is an action for a breach of contract. The petition contains no count or claim on an account for work and labor or for services. The right to recover is based in the plaintiff's pleadings entirely on the averment of a contract and the breach of it. It follows, we think, as a necessary consequence of the issue raised by the pleadings and evidence, that, if there was no contract as averred, there could be no breach of it, and therefore no recovery. A valid contract may be made by correspondence; but, in ascertaining whether the letters between the parties constitute a contract, we must have in view the same principles that are applicable to contracts in other cases. There must be a meeting of two minds in one and the same intention. In the absence of this element, there can be no contract. To constitute a contract, therefore, by letters between

the parties, a definite proposition must be made by one party and an absolute and unconditional acceptance of it by the other party. 7 Am. & Eng. Enc. Law (2d Ed.) p. 129, note 3; Clark, Cont. § 19. Bowen in his letter to Hart, of October 1, 1888, proposes that he should be compensated for his services in reference to the titles to the lands in one of two ways: He offers to take one-third of the land, Hart to pay expenses; or, if Hart prefers all expenses advanced, "can charge to me, and when work is completed I can take one-half of the land in settlement, or I to get credit for expenses advanced, and take one-third of the land and a fair compensation be allowed me separately for mercantile services." If Hart had replied accepting the terms offered without specifying which of the propositions was accepted, it could not be said that the parties had reached an agreement; but Hart made no such answer. In his answer of November 3, 1888. he merely acknowledged receipt of the letter, and hoped that the "trip will prove pleasant and profitable." On November 11, 1888, Bowen writes to Hart that, as he does not comment "upon compensation mentioned in my letter of October 30th, 1888, I presume terms mentioned by me are satisfactory." Then Hart writes on November 16, 1888: "Don't get restless. Go ahead and get all our lands clear, and, after all entanglements are removed, satisfactory settlement will be made. Perhaps your ideas are not too high. Whilst attending to lands, don't forget to sell goods where you can spare time." Instead of agreeing to either one of the two propositions made by Bowen in his letter of October 30, 1888, Hart by his letter of November 16, 1888, declines to agree on the compensation, saying that after entanglements are removed satisfactory settlement will be made. The correspondence distinctly shows that the minds of the parties did not meet. This correspondence did not make a contract. Eliason v. Henshaw, 4 Wheat. 225, 4 L. Ed. 556; Compania Bilbaina de Navegacion de Bilbao v. Spanish-American Light & Power Co., 146 U. S. 483, 497; 13 Sup. Ct. 142, 36 L. Ed. 1054; Minneapolis & St. L. Ry. v. Columbus Rolling-Mill Co., 119 U. S. 149, 7 Sup. Ct. 168, 30 L. Ed. 376; Insurance Co. v. Young's Adm'r, 23 Wall. 85, 107, 23 L. Ed. 152. We think the court correctly charged the jury that there was not that meeting of the minds of the writers of these letters which was necessary to make a contract as to the compensation that Bowen was to receive. This view of the case is conclusive, for the plaintiff was not entitled to recover for the breach of a contract that had no existence. The judgment of the circuit court is affirmed.

MAXEY, District Judge, dissents.