BAILEY & SMITH, Respondents, v. CHARLES MOORHEAD, Appellant.

Kansas City Court of Appeals, January 14, 1907.

BROKER: Offer to Sell: Acceptance: Evidence: Commission.   The evidence relating to an offer of sale and acceptance thereof is reviewed and it is held that the offer was not accepted since a proposed purchaser who rejects an offer of sale and then subsequently seeks to accept the same, stands as though he himself was making an original proposition which requires acceptance by the seller to give it vitality; and the broker in the transaction mentioned is held not to have earned his commission since he failed to produce a purchaser.

Appeal from Pettis Circuit Court.—*Hon. Lewis Hoff-*
*man,* Judge.

REVERSED.

*Barnett & Barnett* for appellant.

(1) The real estate agent before he can claim his
commission must bring the buyer and seller together so
that they can close the contract or he must procure a
valid written contract signed by the purchaser so that
it can be enforced by the seller against the buyer. Mat-
tingly v. Penny, 105 Cal. 514; 45 Am. St. Rep. 87; Gelatt
v. Ridge, 117 Mo. 560; Huggins v. Hern, 74 Mo. App. 88;
Wright & Orrison v. Brown, 68 Mo. App. 583; Heckman
v. Gutweiler, 66 Mo. App. 249. (2) It is true there
was a special proposition wired by defendant author-
izing the acceptance from Mrs. McConnell of $2,900
which was a departure from the general authority. But
this proposition was rejected by Mrs. McConnell and
this rejection put an end to this proposition. Upon her
rejection of defendant's $2,900 offer the proposition was
dead and was at an end by reason of its rejection and
could not be renewed by her subsequent acceptance and
therefore, her subsequent acceptance did not bind the
defendant as he was under no obligation to keep it open
after it had been once rejected. This left the matter as
though no proposition had ever been made. Egger v.
Nesbitt, 122 Mo. 676; James & Sons v. Fruitjar & Bot-
tle Co., 69 Mo. App. 214; Railroad v. Rolling Mill, 119
U. S. 151.

*Bente & Wilson* for respondents.

(1) A real estate agent performs his duty and is
entitled to his commission when he produces a purchaser
who is ready, able and willing to buy on the terms pre-
scribed by the principal. Plaintiff did not have to pro-

cure' a valid written contract signed by the purchaser. Finley v. Dyer, 79 Mo. App. 604; Lemon v. Lloyd, 46 Mo. App. 452; Yoder v. White, 79 Mo. App. 155; Higgins v. Hearne, 74 Mo. App. 86; Wright & Orrison v. Brown, 68 Mo. App. 583; Finche v. Trust Co., 92 Mo. App. 263; Sallee v. McMurry, 113 Mo. App. 253-264; Brown v. Smith, 113 Mo. App. 68; Goodson v. Embleton, 106 Mo. App. 77; Reeves v. Vetts, 62 Mo. App. 440; Hart v. Hopson, 52 Mo. App. 177; Stinde v. Blesch, 42 Mo. App. 578; Hayden v. Grello, 42 Mo. App. 41; Harwood v. Diemer, 41 Mo. App. 48; Gelatt v. Ridge, 117 Mo. App. 553. (2) The plaintiff had ample authority to sell the real estate of defendant and defendant in his telegram specifically fixes the price and terms of sale. Sallee v. McMurray, 113 Mo. App. 265.

ELLISON, J.—This action was instituted to recover a commission for procuring a purchaser for some real estate owned by defendant in the city of Sedalia, where plaintiffs reside. The judgment in the trial court was for plaintiffs.

There was correspondence by letter and telegrams between plaintiffs and defendant in reference to the property, its condition, its rental and its sale. Much of the detail of the evidence is unnecessary to an understanding of the ground of our decision and will be omitted. There was no sale made of the property, nor was there any binding contract of sale executed. But plaintiffs claim that they procured a purchaser ready, able and willing to buy at an accepted, or an authorized price. It appears that defendant resided in Kansas and that he put the property in plaintiffs' hands for sale at $3,500. They were not authorized to sell at any less price except by special authority. The defendant did afterwards, on learning of a prospect of sale, offer to take $3,100. Mrs. McConnell, who figures in the case as the prospective purchaser, would not give that price. Then defendant

wrote to plaintiffs July 9, 1905, asking, "Have you any idea that Mrs. McConnell will give $3,000 for the property before the street is paved?" On July 13th, plaintiffs telegraphed defendant that Mrs. McConnell offered $500 in cash, $500 in one year and $1,850 in three years with six per cent. Defendant answered by telegraphing a counter proposition that he would accept by changing to $1,900 instead of $1,850. Plaintiffs stated the counter proposition to Mrs. McConnell and she rejected it, and plaintiffs so notified defendant by telegram asking, "What shall I do?" Shortly afterwards, on the same day, Mrs. McConnell concluded to accept defendant's offer and so stated to plaintiffs, and they said, "The property is yours and we consider you bought it." Plaintiffs then, on same evening, as they claim, though the telegram is dated the next day, telegraphed to defendant that they had sold the property on his terms. But defendant did not ratify such sale. He wrote to plaintiffs stating his surprise at their telegram announcing a sale after Mrs. McConnell had rejected his offer. That he supposed the matter was at an end and "was just as well satisfied that it was as I am not satisfied with the terms," etc. He closed the letter by asking plaintiffs to "let me know whether you will be able to dispose of the five hundred dollar note for cash at par, also the three year note for nineteen hundred dollars the same way if I should require it, otherwise I do not care to sell." This letter, while disclosing that defendant might, on further information, accept the offer, was clearly not an acceptance. Nor was there any afterwards.

It seems plain that no case was made against defendant. The proposed purchaser refused to give $3,100 for the property, but offered to give $2,850 in part cash and part deferred payments. The defendant rejected that and made an offer to take $2,900, which the proposed purchaser refused. The whole matter was then

at an end, and no subsequent acceptance by the proposed purchaser could revive the rejected proposal. [Egger v. Nesbitt, 122 Mo. 667, 676; James v. Fruit Jar Co., 69 Mo. App. 207, 214; Railroad v. Columbus Rolling Mill, 119 U. S. 151, 152.] A proposed purchaser who rejects an offer of sale and then afterwards seeks to accept it, stands as though he was himself making an original proposition; such proposition having no vitality, unless it be accepted by the owner.

It follows that since the purchaser produced by plaintiffs did not offer to buy the property at a price which defendant was under obligation to accept, the defendant's demurrer to the evidence should have been sustained. The judgment is reversed. All concur.