DURHAM LIFE INSURANCE COMPANY v. A. M. MOIZE ET AL.

(Filed 10 April, 1918.)

1. **Vendor and Purchaser—Corporations—Shares—Offer to Sell—Withdrawal of Offer—Contracts—Consideration—Agreement.**

    Where the bare offer to sell certificates of stock in a corporation is withdrawn before acceptance, there is no binding contract to sell, owing to the lack of consideration and agreement of the parties, and no obligation is imposed upon the owner of the shares.

2. **Corporations—Shares of Stock—Right of Purchase—Charters.**

    An offer to sell to a corporation shares of its own stock does not fall within the provisions of its charter requiring its shareholder to notify the company of any bona fide offer made therefor and giving it the privilege of buying at the same price within a specified time.

CIVIL ACTION, tried before *Connor, J.,* at September Term, 1917, of DURHAM, upon these issues:

1. Did the defendants offer to sell the plaintiff their stock in the Durham Life Insurance Company, as alleged in the complaint? Answer: "Yes."

2. Did the defendants withdraw said offer before its acceptance, as alleged in the answer? Answer: "Yes."

At the conclusion of all the evidence, the court charged the jury if they believed the evidence they would answer each of the said issues in the affirmative. The plaintiff appealed.

*W. G. Bramham and Fuller, Reade & Fuller for plaintiff.*
*E. J. Hill and Bryant & Brogden for defendants.*

BROWN, J. It is admitted that defendants offered to sell to plaintiff 90 shares of its capital stock at $125 per share, and this action is brought to enforce its delivery. The defendants allege that before the offer was accepted it was withdrawn. The offer to sell was made in writing on 8 May. A call was issued for plaintiff's board of directors to meet on 13 May to consider the offer. On 12 May, before the offer was acted on or accepted, it was withdrawn in writing.

It is well settled that no contract is complete without the assent of both parties and an offer to sell imposes no obligation until it is accepted, according to its terms.

The undisputed evidence shows that defendant's offer to sell was withdrawn before acceptance. Therefore, no contract was entered into between the parties. *R. R. Co. v. Mill Co.*, 119 U. S., 149.

The offer to sell was without consideration, was an option merely, and could be withdrawn at any time before acceptance.

It is contended that the defendants were compelled to sell to plaintiff under a provision of its charter which provides that "A holder of stock desiring to sell or transfer any part of such stock shall first notify this corporation of such desire, and if such stockholder so elect, also of any bona fide offer such stockholder may have received therefor. Within fifteen days after the receipt of notice from such stockholder of the desire to sell such stock and of a bona fide offer received by such stockholder therefor, together with the name and address of the person by whom it is made, this corporation, through its board of directors or executive committee, may elect to purchase such stock at any price not lower than the price named in such offer, and upon payment or tender of such price by this corporation within ten days after such election, the holder of such stock shall sell and transfer the same to this corporation forthwith."

It is manifest that the parties were not proceeding under the charter, as no offer had been made by an outsider to defendants to purchase their stock and no such offer is mentioned in defendant's communication to plaintiff.

The transaction does not come within the provisions of the charter but can only be regarded in the light of a unilateral contract or option given to plaintiff to purchase. As it is undisputed that the offer was withdrawn in writing before acceptance, the charge of the court is correct.

No error.