DowNey, Judge,
delivered the opinion of the court:
The plaintiff bid to the material disposal and salvage division of the Air Service of the Army for the purchase of a large quantity of surplus airplane linen, specifying in it,s bid that the goods should be firsts. An award was thereafter made to plaintiff of certain quantities of grade A airplane linen, and the award was no doubt made in response to plaintiff’s bid. Previous to the submission of the bid the proposed sale of these and other materials had been advertised in trade journals, the advertisements stating the terms and conditions of the sale and. plaintiff’s representative had seen this advertisement before submitting its bid. The form of the bid and award are material. In lieu of repetition here reference is made to Findings V and VI.
*260 The contention is that the United States accepted plaintiff’s bid, including the stipulation that the goods should be “ firsts,” that they were not in fact “ firsts,” and that the .plaintiff, having paid for the goods at the bid price before this condition was discovered, suffered loss by reason thereof.
There is much in the record as to the various inspections which were made of the goods after being complained of by the plaintiff as to their quality, and the conclusion from such inspections, which we have not found it necessary to incorporate in the findings, since the merits of the case, as we see it, are to be determined upon another basis.
Plaintiff’s theory is, and necessarily so, that there was an acceptance of it,s bid, the imposed condition as to quality included, and in this contention is found the fundamental error. Confusion in connection with its consideration is to be avoided by suggesting that, used in relation to fabrics, “ grade A” and “ firsts ” do not mean the same thing. “ Grade A” is a term of construction, referring to the number of threads per inch crosswise and lengthwise, etc., while “ firsts ” is a term of quality, so that a fabric may be grade’ A and not be of first quality.
Previous to the submission of its bid plaintiff’s representative had seen the advertisement published in trade journals for the sale of this and other materials, in which in two items this linen is referred to as grade A. It may readily be assumed, since the plaintiff was engaged in the business of handling fabrics, that it was fully conversant with the fact that .grade A did not necessarily mean first quality, and that this knowledge on its part furnishes the motive for the injection into its bid of the stipulation that the goods should be firsts.
The essential error is in assuming that there was an acceptance of plaintiff’s bid. In the communication of February 10 informing the plaintiff that it had been awarded a stated number of yards of grade A airplane linen we do not find the word “ accepted ” or any word of similar import used, or any reference to plaintiff’s bid. This communication notified plaintiff of the award to it of a quantity of linen, which might or might not comply with the *261 stipulation as to quality contained in plaintiff’s bid, and can not by any possibility be construed as an acceptance upon the condition attempted to be imposed that the goods were to be firsts.
The award was in accordance with the terms of the published advertisement, with which plaintiff’s authorized representative was familiar; and while it is not necessary to decide the question, it may be suggested that it probably was the only sort of an award authorized. The bid and the award being at variance in an essential particular, it can not be contended that the award constituted an acceptance of the bid.
“A proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer and puts an end to the negotiation, unless the party who made the original offer renews it or assents to the modification suggested.” Minneapolis & St. Louis Ry. v. Columbus Rolling Mill, 119 U. S. 149, 151. See also National Bank v. Hall, 101 U. S. 43, 50.
Aside from the conclusion to be drawn from the terms of the bid and the award, it is to be noted that the advertisement, with which plaintiff was familiar before the submission of the bid, provided that the materials would be sold “ as is ” at point of storage, invited inspection, and provided that no guaranty on behalf of the Government is given.
When the plaintiff received the notice of the award to it of this linen in the terms in which it was couched it was bound to observe that there was no acceptance of other conditions which it had seen fit to impose in the submission of its bid, and since the bid and the award did not constitute a contract it was at liberty to decline to proceed further with the transaction. This it was in better position to do because the terms of sale did not require any advance payment by bidders.
For the reasons stated, and apparently without necessity of going further into the details of the transaction, we have concluded that plaintiff is not entitled to recover and have directed judgment accordingly.
Geaham, Judge; Hat, Judge; Booth, Judge; and Campbell, GMef Justice, concur.