471 P.2d 647 (1970)
CENTRAL INVESTMENT CORPORATION OF DENVER, a corporation, Plaintiff in Error,
v.
CONTAINER ADVERTISING CO., a corporation, George Aubrey and Al J. Hickerson, individuals, Defendants in Error.
No. 70-071, (Supreme Court No. 23146.)
Colorado Court of Appeals, Div. I.
April 28, 1970.
Ireland, Stapleton, Pryor & Holmes, Robert C. Hawley, Denver, for plaintiff in error.
Rodden, Cooper, Woods & Mitchell, Thomas J. Mitchell, Denver, for defendants in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Central Investment Corporation (CIC) brought action against Container Advertising Co. (Container) to recover $150,000 loaned to Container and against Container, and Aubrey and Hickerson, officers of Container, for specific performance of an alleged contract. Container confessed judgment on the claim for money loaned to it and the trial court, at the end of plaintiff's case in a trial without a jury, granted the defendants' motion to dismiss the claim for specific performance. From this order and judgment of dismissal CIC appealed. We affirm the trial court.
In 1963 Container entered into a Loan Agreement with CIC pursuant to which it borrowed from CIC the $150,000 evidenced by twenty debenture bonds. As part of the overall agreement the executive vice-president of CIC, Mulvihill, became a member of the board of directors of Container.
By July 1, 1965, Container was in default on CIC's loan and Aubrey and Hickerson held numerous discussions with Mulvihill to try to work out ways and means to repay the loan. These culminated in a proposed agreement dated September 17, 1965 and delivered to CIC on September 21, 1965. An exhibit referred to in the proposal was delivered September 27, 1965.
The proposal provided for a substantial recapitalization of Container, conversion of the debentures held by CIC and conversion of other long term debts into stock. The entire plan of reorganization was by the terms of the proposal to be completed by November 1, 1965.
*648 The portions of the proposal which are relevant to the issues before us on this appeal are as follows:
"Will you kindly examine this proposal and let us know your reaction to it at the earliest possible time. We wish to point out that this is not an inflexible proposal, but we also point out that a recapitalization along these lines is imperative.
* * * * * *
"Messrs. Aubrey and Hickerson guarantee that (i) the Company will carry out the terms of this proposal in the event it is accepted by Central Investment Corporation; (ii) that they will invest $75.000 in the Company on or before November 1, 1965, in accordance with the terms of this agreement and for the purposes mentioned herein; or (iii) they will purchase all of the Debentures owned by Central Investment Corporation for $50,000, payable on or before November 1, 1965." (Emphasis added.)
CIC prepared a written acceptance of the offer dated October 8, 1965, but deliberately withheld mailing the letter until October 19 so that it was not received by the offerors until October 21. The evidence established that CIC was well aware of the necessity of the reorganization of Container and of the complexity of the work required in order to complete performance by November 1.
The trial court found that the acceptance was not timely made, "that the proposal of September 17, 1965 was not properly or legally consummated", and that there was no enforceable agreement. We may not interfere with that finding if its judgment for the defendant was supported by the evidence. Teodonno v. Bachman, 158 Colo. 1, 404 P.2d 284.
The test for an offer's duration in the absence of an express or implied limitation is a "reasonable time". Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill Co., 119 U.S. 149, 7 S.Ct. 168, 30 L.Ed. 376. A reasonable time for the acceptance of an offer is that which is reasonable to the offeror rather than to the offeree. As stated in 1 Corbin on Contracts § 36, it
"is the time that a reasonable man in the exact position of the offeree would believe to be satisfactory to the offeror. It is not the time that the offeree would like to have, in order to watch the market or adjust his other affairs or to make estimates or calculations, however reasonable it may be for him to desire the necessary time. * * *
* * * * * *
"The purpose of the offeror, to be attained by the making and performance of the contract, will affect the time allowed for acceptance, if it is or should be known to the offeree. In such case there is no power to accept after it is too late to attain that purpose."
The evidence in the present case substantiates the trial court's finding that acceptance of the offer was not made within a reasonable time under the circumstances and that there was, therefore, no binding contract.
The judgment of the trial court is affirmed.
ENOCH and PIERCE, JJ., concur.