# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1453
Lower Tribunal No. 17-11008
_____

**Robert Sakowitz**,
Appellant,

vs.

**Waterside Townhomes Community Association, Inc.,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Lydecker, LLP, and Forrest L. Andrews, and Kielan Saborit, for appellant.

John Paul Arcia, P.A., and John Paul Arcia, and Michael Farrar, for appellee.


Before LOGUE, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Robert Sakowitz, challenges an order enforcing a settlement agreement and dismissing a civil lawsuit filed by appellee, Waterside Townhomes Community Association, Inc.  On appeal, Sakowitz contends the settlement agreement failed for want of mutuality and, alternatively, the settlement offer expired because it was not accepted within a reasonable period of time.  Discerning no error, we affirm in all respects.

**BACKGROUND**

In the underlying dispute, the Association filed suit against Sakowitz, the former president of its board of directors, and others, alleging violations of chapter 895, Florida Statutes (2022), the Florida RICO (Racketeer Influenced and Corrupt Organization) Act.  See § 895.01, Fla. Stat.  After two versions of the complaint were dismissed, without prejudice, by the trial court, the Association and Sakowitz entered into settlement negotiations.

In early February of 2020, the Association extended a settlement offer to Sakowitz and all co-defendants, save one.  Approximately one month later, on March 4, 2020, Sakowitz and the co-defendants responded with a counteroffer.  Eighty-five days later, the Association accepted the counteroffer by way of an email, while contemporaneously requesting information as to whether the offer included all of the defendants.

2

Sakowitz refused to acknowledge the acceptance, and the Association subsequently filed a motion to enforce the settlement agreement. Sakowitz opposed the motion, contending there was a lack of mutuality and the offer expired because acceptance was not effectuated within a reasonable period of time.

After convening an evidentiary hearing, the trial court granted the motion, stating, in relevant part:

> I've considered the motion. I realize that it's eighty-four days; however, we were in the middle of a pandemic. It was a world pandemic. Everybody was [at] a standstill. The last thing on people's minds were settlements of any kind. There were no time limitations in the offer, so I'm going to deny the motion to dismiss and I'm going to, in essence, tell you that I believe the motion for settlement should be enforced, should be granted. That's the way I see it.

The instant appeal ensued.

## STANDARD OF REVIEW

To the extent this appeal implicates the interpretation of a settlement agreement, the standard of review is de novo. Com. Cap. Res., LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007). Findings of fact derived from the evidentiary hearing, however, "may not be disturbed on appeal unless shown to be unsupported by competent and substantial evidence or to constitute an abuse of discretion." Zupnik Haverland, L.L.C. v. Current Builders of Fla., Inc., 7 So. 3d 1132, 1134 (Fla. 4th DCA 2009).

3

**ANALYSIS**

We reject the contention there was a lack of mutuality without further discussion and turn our analysis to whether the parties formed a binding contract. Sakowitz cites section 45.061, Florida Statutes, for the proposition that Florida law favors the acceptance of settlement offers within forty-five days. Thus, the offer was not timely accepted. We conclude this reliance is misplaced. The forty-five day limit applies uniquely to a formal "offer for settlement," and here, the offer was not formally "denominated as an offer under [section 45.061]." § 45.061(1), Fla. Stat. Consequently, the statutory time frame is inapplicable.

Our examination is instead informed by several well-established contractual principles. It is axiomatic that an offer to form a contract only remains open for a reasonable period of time, unless the offer itself states otherwise. See Minneapolis & St. L. Ry. Co. v. Columbus Rolling-Mill Co., 119 U.S. 149, 151 (1886); see also Restatement (Second) of Contracts § 41 (2021); 1 Arthur L. Corbin, Corbin on Contracts § 2.16 (2021). Hence, in the absence of an acceptance of the offer within a reasonable period of time, there is no contract. See Minneapolis & St. L. Ry. Co., 119 U.S. at 151.

A reasonable time is "ordinarily . . . a question of fact, the determination of which will depend upon all of the circumstances surrounding the particular

4

offer and acceptance." 1 Richard A. Lord, Williston on Contracts § 5:7 (4th ed. 2021). It can, however, be measured as "the time that a reasonable person in the exact position of the offeree would believe to be satisfactory to the offeror," Corbin, supra, § 2.16, giving due consideration to the "the nature of the proposed contract, the purposes of the parties, the course of dealing between them, and any relevant usages of trade." Restatement, supra, § 41 cmt. b.

Here, although the Association waited eighty-five days to effectuate acceptance, the counteroffer was formulated nearly one month after the original offer was extended. This suggests the parties were deliberate and unhurried in their course of dealing.

Further, as aptly observed by the trial court, the offer in this case was extended on the proverbial eve of the COVID-19 global pandemic. Less than two weeks later, many court operations were suspended and protective measures were implemented. See Fla. Admin. Order No. AOSC20-13 (Fla. Mar. 13, 2020) (on file with Clerk, Fla. Sup. Ct.) (suspending, among other things, all civil jury trials through March 27, 2020, in light of COVID-19 global pandemic); Fla. Admin. Order No. AOSC20-23, Amend. 1 (Fla. May 4, 2020) (on file with Clerk, Fla. Sup. Ct.) (extending suspension through July 2, 2020). Indeed, the Association demonstrated at the evidentiary hearing that

after the offer was extended, its attorney fell ill and his law offices closed. Other impediments to acceptance included the delay of necessary board approval, presumably precipitated by restrictions affecting travel and gatherings.

Under these unusual circumstances, we cannot conclude the trial court abused its broad discretion in enforcing the settlement agreement. Accordingly, we affirm the order under review.

Affirmed.