## Dunn *v.* Tarentum Borough, Appellant.

*Road law—Petition by property owners—Damages—Estoppel—Act of May* 16, 1891.

Under the Act of May 16, 1891, P. L. 71, a borough has the general power to grade, curb and pave a street, or it may ordain that a fund shall be raised by assessment upon the abutting properties of the costs, damages and expenses according to benefits.

Where property owners petition a borough to grade, curb and pave a

street " charging the costs, damages and expenses thereof " to their several properties, and the borough passes an ordinance in accordance with the petition, and the ordinance provides that the costs and expenses (no mention being made of the damages) shall be paid by the property owners, and subsequently the borough procures the appointment of viewers " to ascertain the damages and assess the costs, expenses and benefits arising from said improvements," the borough cannot claim that all the damages to properties on the street should be charged against the petitioners, or that the petitioners had released their right to damages.

In such a case it was optional with the borough either to accept the offer of petitioners, or, disregarding the portion of the petition relating to costs and damages, to provide for the ascertainment, assessment and collection of the costs, damages and benefits in the statutory mode.

A lot owner who joins in a request to borough authorities to grade a street is not estopped thereby from claiming compensation for an injury to his property by the grading. The consent which relieves a borough from its constitutional obligation to the owner for an injury to his property, means something more than nonresistance. It should be given to the municipality by the party interested, and it should embrace in express terms, or by necessary implication, a release of the right to damages. The burden of proving not only the release or facts from which a release is necessarily to be implied, but also that the damages to which the lot owner would otherwise be entitled, are within it, rests upon the borough.

Where property owners petition a borough to grade, curb and pave a street " charging the costs, damages and expenses thereof " to their several properties, and the borough passes an ordinance in accordance with the petition, and the ordinance provides that the improvements should be made according to certain plans and specifications mentioned, the borough cannot claim to charge a petitioner with damages, unless it affirmatively shows at the trial that a change of grade of considerable extent was in accordance with the plans and specifications mentioned in the ordinance.

Argued May 4, 1903. Appeal, No. 40, April T., 1903, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1900, No. 662, on verdict for plaintiff in case of Mary A. Dunn v. Tarentum Borough. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Appeal from award of jurors. Before FRAZER, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant presented this point:

Dunn, McAyeal and Kallenbaugh are estopped by their petition for the improvements from claiming any damages against the borough. As regards these parties the only ques-

tion is as to benefits. *Answer :* In answer to this point I would say, that I am not clear as to the effect of plaintiff's, Dunn, McAyeal and Kallenbaugh, signatures to the petition to council for the improvement of Ross and North Canal streets. I therefore instruct you to find and so return in your verdicts the several amounts of benefits and damages resulting to each property from the improvements.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*W. B. Rodgers* with him *Nelson McVickar*, for appellant.

*J. A. Beatty*, with him *J. M. Hunter*, for appellees.

OPINION BY RICE, P. J., October 5, 1903 :

The plaintiff with others, constituting a majority in number and interest of the owners of property abutting on the proposed improvement, petitioned the borough " to grade, curb and pave that portion of Ross street, lying between the north line of the property of the Pennsylvania Railroad Company and the south line of Kittanning street in said borough, charging the cost, damages and expenses thereof to our several properties." The ordinance passed pursuant to the petition provided that the grading, curbing and paving between the points above named, should be of the material thereafter to be determined upon ; that the work should be done in accordance with the plans and specifications furnished by E. C. Hulbert, engineer, prepared for that purpose, adopted by the council and " made a part of this ordinance ; " and that the cost and expenses (no mention being made of the damages) of the grading, curbing and paving should be borne by the property owners (not simply the petitioners) on the street, " and the several amounts shall be collectible, due and payable, from the property owners in accordance with the act of the general assembly in such case made and provided." The proceeding which culminated in the issue tried in the court below had its inception in the petition of the borough, filed after the completion of the work, for the appointment of viewers " to ascertain the damages and

assess the costs, expenses and benefits arising from said improvements, in the manner and subject to the provisions of the act . . . . approved 16th day of May, 1891." The jury found that the plaintiff's property was benefited in the sum of $1,000, and damaged in the sum of $2,000. From the judgment entered for the difference the borough appealed, and has assigned as error the refusal to charge that the plaintiff was estopped by her petition from claiming any damages.

It is argued that the prayer of the petition is the selection of one of several schemes for providing for the damages and in terms excludes all but that one. Conceding this to be so, what was the scheme contemplated? The borough had the general power to make the improvement at its own expense (Commonwealth v. George, 148 Pa. 463), or it might ordain that a fund should be raised for the purpose by assessment upon the abutting properties of the cost, damages and expenses according to benefits as provided in the act of 1891. It is doubtful whether the petitioners intended more than to express their willingness to have the latter method adopted. Taking this view, the learned judge below interpreted the language to mean "that each property's share of the expense, if any, should be ascertained in the manner provided by law, and when so fixed, be charged to the property," and held that there was "nothing in the petition as a whole to indicate, either by express terms or by necessary implication, an intent upon the part of the signers to release their right to damages." If, on the other hand, we give the language of the petition a literal interpretation, the proposition was that the entire cost of the improvement, including the damages to properties of owners who were not petitioners, should be charged against the properties of the petitioners. Notwithstanding the generality of the language we hesitate to believe that such was the meaning of the petitioners. But suppose it was, it was optional with the borough to accept the offer, or, disregarding this part of the petition, to provide for the ascertainment and assessment and collection of the cost, damages and benefits in the statutory mode; and it is quite clear from the language of the ordinance, that, either the council interpreted the petition substantially as stated by the court below, or, if it interpreted it literally, chose to provide

for the cost of the improvement in the mode prescribed by the statute, instead of charging it to the properties of the petitioners exclusively. In either view of the case there was no estoppel.

There is still another view of the case that seems to us conclusive, even though the interpretation of the petition and the ordinance contended for by the appellant's counsel be accepted. A lot owner who joins in a request to the borough authorities to grade a street is not estopped thereby from claiming compensation for an injury to his property by the grading. "The consent which relieves a borough from its constitutional obligation to the owner for an injury to his property, means something more than nonresistance. It should be given to the municipality by the party interested, and it should embrace, in express terms, or by necessary implication, a release of the right to damages:" Jones v. Bangor Borough, 144 Pa. 638. The burden of proving not only the release or facts from which a release is necessarily to be implied, but also that the damages, to which the lot owner would otherwise be entitled, are within it, rests upon the borough. Failure of proof in the latter particular is as fatal to the defense as in the former. Counsel for appellant insist that the ordinance was worded in the way it was, " because the borough was accepting a contract not imposing a duty." Looking at the case from this standpoint, the contract was complete when the ordinance was approved. The rights and liabilities of the parties with respect to claims for damages were then fixed; that is to say, if the contract thus formed contemplated only the ordinary preparation of the surface to receive the pavement, it was not within the power of the borough's agents employed to supervise and do the work to enlarge the implied release of damages so as to include damages from a substantial change of grade not authorized by the ordinance. But it appears that in making the improvement the borough changed the grade of the street, cutting it down in front of the plaintiff's property to the extent of several feet, whereby access thereto was impaired. Whether this change of grade was authorized by the ordinance does not affirmatively appear in the evidence, the plans and specifications referred to in the ordinance not having been produced at the trial, and not being before us. If, as the appellant's counsel

contend, the petition and the ordinance constituted a contract, which bound the petitioners to pay the cost, damages and expenses, it was essential to the defendant's case to show that it had performed its part in accordance with the plans and specifications made part of the ordinance; or, to say the least, that the substantial change of grade which damaged the plaintiff's property was authorized by the ordinance passed pursuant to the petition or by an ordinance in existence at the time of the presentation of the petition. In the absence of such proof there can be no clear implication of a release of the right to damages for the injury to the plaintiff's property by the change of grade actually made. No question as to her right to recover damages for such injury in this form of proceeding, if she was entitled to recover them at all, was raised by counsel; and it is to be borne in mind that the proceeding was instituted by the borough and its petition clearly contemplated an ascertainment of the entire damages in this proceeding. We, therefore, are not called upon to discuss the question of the remedy.

Judgment affirmed.