# Lipshutz *v.* Lipshutz et al., Appellants.

*Evidence—Witness—Interest—Moral interest—Charge of court.*

1. In an action where the issue is as to the terms of a contract, and the plaintiff, his wife, and daughter swear to one version, and the four defendants to another, it is not reversible error for the court to say in the charge that the parties so far as the witnesses were concerned were pretty evenly balanced "three on the part of the plaintiff, all interested to a certain extent; legally, the plaintiff; morally, his wife and daughter."

2. The use of the word "morally," did not improperly characterize the likely bias or favor of the wife and daughter in plaintiff's behalf, and the difference between their interest and that of the defendants.

*Evidence—Burden of proof—Shifting of burden.*

3. The burden is on the party who asserts a fact to prove it.

4. Where plaintiff gives competent proof of a fact and defendant, instead of negativing it directly, proposes to show another and distinct proposition which avoids the effect of it, the burden of proof shifts, and rests on defendant.

*Practice, C. P.—Charge—Reference to charge to jury in another case—Exception—Failure to object at trial—Waiver.*

5. Where a trial judge in his charge says, "the burden of proof, as I told you yesterday, rests upon the party who asserts a thing," defendant cannot object on appeal to such an instruction on the ground that the reference was to an address to a jury in another case, where the counsel did not call the attention of the judge to his words at the time, and require him to amplify his remarks.

6. Where a party desires explicit directions as to the burden of proof, in the light of his own theory of the case, he should present a point to the court, embracing his view.

Argued March 24, 1922.    Appeal, No. 363, Jan. T., 1922, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1920, No. 9171, on verdict for plaintiff, in case of William Lipshutz v. Joseph Lipshutz et al., individually and as copartners, trading as Lipshutz Brothers.    Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Assumpsit on contract.  Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,100.  Defendants appealed.

*Errors assigned,* inter alia, were various instructions, appearing by the opinion of the Supreme Court, quoting record.

*Alfred Aarons,* of *Aarons, Weinstein, Goldman & Stone,* for appellant.—In Gurnsey v. Froude, 13 Pa. Superior Ct. 405, the Superior Court held that the testimony of husband and wife was to be considered by the jury as that of two interested witnesses.  See also Mellor v. Smyth, 220 Pa. 169.

The instruction as to the burden of proof was erroneous: Burford v. Fergus, 165 Pa. 310.

The judge erred in referring in his charge, without exact repetition, to instructions which he had given on the day previous, not during the trial of the case at bar, and which nowhere appear upon the record.

*Louis Goodfriend,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 17, 1922:

As the result of the death of their childless brother, who was engaged in the retail clothing business, and their purchase of the interests of his widow and mother therein, plaintiff and defendants, surviving brothers of the decedent, became possessed of the business.  They did not pay actual cash for it, but gave obligations which were ultimately paid from the income of the enterprise.

The store was carried on for about two months after its purchase by the five brothers as copartners, then plaintiff withdrew, as he avers, as a result of the oral undertaking of his four associates, to pay him twenty-five hundred dollars for his interest, within a year.

They, however, refused to pay him, and he brought this suit to recover the sum he alleged to be due.

The defense was that, disputes having arisen between the partners, among other things, concerning the raising of additional capital, toward which plaintiff declined to contribute, and plaintiff, being of opinion that the equity in the business, above its obligations, was of little value, proposed to his brothers that he retire from the copartnership, and that they should carry it on, assuming and discharging its obligations; this defendants assert they agreed to, that they did carry on the business, without any aid from or participation in its conduct by plaintiff, paid its obligations, and that they never assumed to pay plaintiff $2,500, or any other amount for his share.

The understanding of the parties, whatever it was, rested entirely in parol, and the trial judge submitted their dispute of facts to the jury, in a clear and impartial charge, of which defendants (the verdict being for plaintiff) complain in three particulars.

Plaintiff was supported in his version of the transaction by his wife and daughter; the four defendants testified to the agreement as they say it was made. Bringing the dispute between the witnesses to the jury's attention in his charge, the court said: "You have the parties, so far as the witnesses are concerned, pretty evenly balanced, three on the part of the plaintiff, all interested to a certain extent; legally, the plaintiff; morally, his wife and his daughter. On the other side you have the four defendants, all interested in this suit because they are defendants, and if the verdict is against them, they will have to pay it. So, on the question of interest it is for you to determine whom you believe." Criticism is made of the use of the word "morally," in designating the kind of interest in the controversy which the daughter and wife had and in thus distinguishing their interest from that of the defendants. These two witnesses did not have any personal, pecuniary interest in the transaction; because of their relationship to the plaintiff, however, they were not

in the category of disinterested witnesses.  While the word "morally" may not have been the most apt with which to point out the difference between the kind of interest they had and that of the defendants, yet it did not improperly characterize their likely bias or favor in plaintiff's behalf and the difference between their interest and that of the defendants; from its use, considering the eminent fairness of the charge, no disadvantage could have resulted to appellants.  The court did not say they were not interested, he only pointed out that their interest differed in degree from defendants' and was not directly financial.

On the burden of proof in the case, the court charged the jury, "they [defendants] assumed a burden, and their burden of proof is to show that William [plaintiff] made this agreement with them, that he was to get out of the concern if they were to assume the responsibilities......  So, the burden is upon the party who asserts a fact, to prove it."  As to this, appellants' position is that, from it, the jury could infer, that even though plaintiff had not proved his case, yet, if appellants failed to prove the agreement they set up, the plaintiff could recover.  We think no such conclusion can be drawn from the language used.  This is not a case where an oral agreement has been set up, and is met by the denial of any undertaking whatever by defendants, but is one where, some understanding was admittedly reached by the parties, and different versions are given as to what it was.  The burden, therefore, was upon the respective sides to the controversy, to satisfy the jury as to which account of the transaction was to be credited.  Chief Justice SHAW demonstrated the logical rule, where a defendant, meeting plaintiff's evidence as to a transaction, does not negative it, but alleges it to be otherwise than as stated, in Powers v. Russell, 13 Pick. 69, 77, that great judge saying: "Where the party having the burden of proof gives competent and prima facie evidence of a fact, and the adverse party, instead of producing proof which would go

to negative the same proposition of fact, proposes to show another and a distinct proposition which avoids the effect of it, there the burden of proof shifts, and rests upon the party proposing to show the latter fact." Very recently Mr. Justice FRAZER, speaking for the court in Doud v. Hines, 269 Pa. 182, 185, pointed out the difference in carrying the burden of proof where the defense is an affirmative one and where it is not, saying, "While it is true the burden the law casts upon one having the affirmative of an issue, to prove it by a preponderance of the evidence, generally remains on the plaintiff throughout the case, it is also true that burden shifts to the defendant when he sets up an affirmative defense." Similarly it was said in Pusey v. Wright, 31 Pa. 387, 395, "if a different contract had been set up by defendants, which was alleged to have superseded the one charged by plaintiffs, they would have had the affirmative of the issue." To the same effect are Suravitz v. Prudential Ins. Co., 261 Pa. 390, 400; Berger v. Berger, 44 Pa. Superior Ct. 305, and Eaton's App., 66 Pa. 483. Furthermore, if defendants desired explicit instructions as to the burden of proof, in the light of their theory of the case, they should have put a point to the court embracing their view; this they did not do.

One other matter remains to be considered. It appears the court in its charge said, "The burden of proof, as I told you in my address yesterday, rests upon the party who asserts a thing." The words "as I told you in my address yesterday," appellants allege, refer to something said by the judge to another jury on the subject of the burden of proof and not repeated here. It is now urged, that this is reversible error, the record not disclosing what it was the court said to the other jury. It would be sufficient to say as to this, that appellants sat by, did not ask the trial judge to amplify the remark, or call his attention to it, or ask him to repeat the instructions referred to; in excepting to the charge, appellants excepted to what was said on the burden of proof gen-

erally, without particularization of the language now criticized. In view of this course of conduct, it would not be fair to convict the trial court of error for this alleged oversight, if oversight it was, which by no possibility could have done appellants harm; particularly is this so, as the charge, on the burden of proof, was fully adequate and fair to defendants. As we construe what was said, however, it was only prefatory or parenthetical to what the court did say, that "The burden of proof rests upon the party who asserts a thing." The criticism of this feature of the charge is extremely fine drawn and without merit.

The assignments of error are overruled and the judgment is affirmed.