## Rosenberg *v.* Rhea et al., Appellants.

*Promissory notes—Consideration—Failure of consideration—Contracts—Substituted contracts—Judgment n. o. v.*

A note is prima facie evidence of a debt and is presumed to be given for value, and it is incumbent upon the defendant maker to show the alleged failure of such consideration.

Where the parties to a contract disagree as to its performance and enter into a second contract in substitution for the first and in connection therewith negotiate a promissory note, the compromise of their respective demands affords sufficient consideration to support the second contract and note.

Argued April 29, 1925.    Appeal, No. 70, April T., 1925, by defendant from judgment of C. P. Allegheny County, October T., 1921, No. 169, in the case of Julius Rosenberg v. Roy Rhea and Victor Cornelius.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Assumpsit on a negotiable instrument. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant. Subsequently the Court entered judgment for the plaintiff non obstante veredicto. Defendants appealed.

*Error assigned* was the judgment of the court.

*Elder W. Marshall,* of *Duff, Marshall & Davis,* for appellants.—A promise to pay additional compensation to induce a person to do that which he had previously by contract obligated himself to do, is void for lack of consideration: 13 Corpus Juris 353; King v. Duluth, etc. Ry. Co., 61 Minn. 482; Lingenfelder v. Wainwright Brewery Co., 103 Mo. 578; Alaska Packers Assn. v. Domenico, 117 Fed. 99; Moyer v. Kirby, 2 Pearson 64; Wear Bros. v. Schmelzer, 92 Mo. App. 314.

Doing what one is bound to do, whether by contract obligation or obligation imposed by law, is no consideration for a promise: Cleaver v. Lenhart, 182 Pa. 285; Hoke v. Ziegler, 20 York 131; Erb v. Brown, 69 Pa. 216; Erny v. Sauer, 234 Pa. 330.

*Frank W. Stonecipher,* and with him *John M. Ralston,* for appellee.—Mutual unexecuted undertakings of an existing contract are sufficient consideration for the cancellation of such a contract and the substitution of a new one with different terms: Dreifus, Block & Company v. Columbian Exposition Salvage Company, 194 Pa. 475; McNish v. Reynolds, Lamberton & Company, 95 Pa. 483.

The giving of the note raises the presumption of a new agreement: Walker v. Millard 29 N. Y. 378.

OPINION BY LINN, J., July 9, 1925:

Plaintiff, endorsee of a promissory note, sued the two makers, getting service on but one of them. The defense was failure of consideration and notice thereof before negotiation. Defendant got the verdict but the court granted plaintiff's motion for judgment n. o. v., on the ground that "defendant has failed to show that the note was without consideration." We agree with the learned President Judge who wrote the opinion below.

When plaintiff offered the note in evidence and rested, defendant was put on proof of his defense. As he had the verdict, we take the oral evidence most favorably supporting that verdict, in considering this appeal, and understand the transaction, so far as it need now be stated, to be as follows. The makers of the note, as partners, conducted a bakery business in Utah and wished to extend it to other places. Determining to conduct it also in Pittsburgh, they made an oral contract with a lawyer named Alexander, in the latter part of March or beginning of April, 1919, by which he agreed to incorporate their existing business, incorporate a company to do business in Pittsburgh, raise for that purpose $70,000 by stock subscription, and to receive for his services a certain percentage of the stock of each corporation. The makers of the note agreed to turn over their business, and defendant Rhea agreed to enter the employ of the corporations for a period of five years; this matter of Rhea's employment for five years is at the bottom of the dispute between the parties to this appeal.

Alexander obtained the stock subscriptions, prepared the necessary documents for the incorporations, and the parties met to consummate the transaction. Rhea then refused to sign the written contract of employment for five years. On account of that refusal, Alexander then declined to go on with what he had agreed to do. Rhea was asked, in reference to his

promise to remain in the service five years, the following question: "Q. It was talked over before and had you ever agreed to it?" "A. Yes, sir." As that is defendant's own testimony, and as the record contains nothing to justify his withdrawal of his promise to enter the service for five years, he and his partner could of course not call on Alexander to perform his part of the agreement. With negotiations in that condition, what did the parties do? They made a new contract. Rhea was left in the position of one who, by his own testimony, had refused to perform his agreement, and Alexander (having refused to go on without Rhea's employment) proposed that if they would give him their note for $2,000, payable in two years, he would nevertheless do as he had originally agreed. They gave the note and Alexander performed.

Appellant contends here that as Alexander in the end performed only what he had agreed in the beginning to perform, there was no consideration for the note; but from what has been stated it is manifest that the contention is without foundation; the fact is, that while Alexander did as he had originally agreed, Rhea refused performance of part of his original agreement—his employment for five years,—and in place thereof, contributed the note. The statement of the facts is a sufficient answer to appellant's argument and sufficiently distinguishes the precedents relied on by him. The governing legal principles have so recently been considered in York M. & Alloys Co. v. Cyclops Steel Co., 280 Pa. 585, 589, that further consideration is unnecessary.

Judgment affirmed.