## Ellis *v.* Sokoloff, Appellant.

536

Argued November 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*George J. Edwards, Jr.,* with him *Ralph S. Croskey,* for appellant.—The lower court erred in submitting the case to the jury: Maloy v. Rosenbaum, 260 Pa. 466; McCarthy v. Scanlon, 176 Pa. 262.

Plaintiff did not prove a case against defendant, and judgment should be entered for defendant: Shannon v. Shultz, 87 Pa. 481; Fenn v. Early, 113 Pa. 264; National Bank v. Lake Erie A. B. C. Co., 233 Pa. 421; Harris v. Blitzstein, 84 Pa. Superior Ct. 498; Forsell v. Copper Co., 38 Mont. 403.

*Charles J. Weiss,* with him *Henry Wessel, Jr.,* and *Jerome Bennett,* for appellee.—The general rule is that the renewal of notes does not amount to payment.

If the evidence can be reasonably construed to support the pleading, there is no variance, for a variance does not result from mere uncertainty or inconsistencies in the allegations, or the proof: Emerick v. Kroh, 14 Pa. 315; Sidwell v. Evans, 1 P. & W. 383; Kroegher v. McConway & Torley Co., 149 Pa. 444; Kirchner v. Smith, 207 Pa. 431.

OPINION BY MR. JUSTICE KEPHART, January 6, 1930:

Appellant, desiring to accommodate some relatives, Yusem Brothers, obtained a loan of $2,500 from appellee, also a relative of Yusems. He gave a time note on which he was maker, appellee payee, and received a check payable to his order; this check he delivered to Yusem Brothers who used it. The note was not paid at maturity, and appellant asked for additional time. He gave, for that purpose, a time note of Yusem Brothers in like amount, payable to their own order, endorsed by them and William B. Marker, but not endorsed by appellant. Appellee held the original note but used the second. This note was not paid at maturity and appellant, though not an endorsee on it, again requested an extension of time. The parties met in a bank, where another time note of Yusem Brothers, payable to the order

of appellant, endorsed by him and two others, was given to appellee. This note not being paid, the present suit followed.

Appellant contends that neither the pleading nor proof showed a direct connection between the first and third note, and inasmuch as he was not on the intermediate note, there was no consideration for the note in suit. We do not follow appellant, as the pleadings distinctly aver that both of the two transactions prior to the third note showed a consideration. Whether the first was connected with the third note in suit is immaterial, if the latter was based on a consideration. The pleadings set forth a complete history of the transaction above stated, and it is clear appellant induced the surrender of the second note, in which appellee has undoubted rights, and gave to him the note in suit. This act was a detriment that made the consideration for the third note quite real. When one is induced to part with or surrender a thing of value, and receives in lieu thereof a note, obligation or money equivalent therefor, the consideration between the parties is complete. The benefit to appellant came through the extension of the time of paying the liability he then recognized.

Appellant did more than this. The original note was not surrendered by appellee when the second note came into his possession. It was clear there was no intention to accept the latter as a novation or payment of the old obligation. A renewal note does not operate as a discharge of the original note, unless there is a stipulation to that effect. It is received as conditional payment or as collateral security for the payment originally undertaken: Citizen's Bank of Wind Gap v. Lipschitz, 296 Pa. 291. When it was deposited for collection by appellee, it was in performance of the purpose for which it was given. Appellee had no intention of releasing appellant on the original note; this was so understood. Appellant requested appellee to bring the original note to the bank when the third note was given, and appellee

on being assured by the officers of the bank that it was no longer necessary to enforce liability, as the third note would take its place, then surrendered his rights on the original note against appellant by tearing therefrom the latter's signature, and also gave him the second note. This should be conclusive that the original obligation of defendant to pay plaintiff was kept alive, the period of payment being extended from time to time.

Appellant makes much criticism of the pleadings in reference to the second note. The pleader said it was given to the plaintiff "in payment and renewal of the December note." Appellant argues that the use of the word "payment" means a complete liquidation of the original note, and consequently when the third note was given there was no consideration for it. There may have been some confusion in the use of words in the pleading as to intention, but, as we have shown, there was consideration for the note in suit. The evidence followed the pleadings and we find no substantial variance. The controversy did not hinge on the variance as alleged. Even if it had, defendant has not raised a variance in the manner required by our cases. No motion was made to strike out the evidence admitted without question, no point presented to the court below for instruction, nor was the matter in any way submitted to the court below: Minute v. P. & R. Ry. Co., 264 Pa. 93; Burkett v. Van Tine, 277 Pa. 567.

Appellee shows a real consideration any way the cause may be treated, and there is no place in the record for variance.

Judgment affirmed.