## Wise, Trustee, *v.* Armstrong & Latta Co., Appellant.

Argued January 20, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*D. P. Hibberd,* with him *Edgar C. Van Dyke,* for appellant.

*Philip W. Amram,* with him *Herbert A. Speiser* and *Wolf, Block, Schorr & Solis-Cohen,* for appellee, were not heard.

PER CURIAM, February 5, 1930:

Plaintiff sued in assumpsit to recover the amount due on a promissory note; the trial court gave binding instructions in his favor, which resulted in a verdict and judgment accordingly. Defendant has appealed, and complains that the note sued upon was not sufficiently identified at trial to warrant the verdict, and this is the sole complaint covered by the three questions involved, stated for our decision in appellant's brief.

Plaintiff, after setting forth that he was the trustee in bankruptcy for Goldberg, trading as Surplus Tire Company, averred, by paragraph three of his statement of claim, that defendant "executed and delivered to W. H. West a promissory note, dated November 10, 1925, to the order of the plaintiff, in the amount of......$5,000, payable three months after date"; then, by paragraph four, he reproduced the note in suit and averred such reproduction to be "a true and correct copy of the aforesaid promissory note."

Defendant, in its affidavit of defense, stated, first, in reply to the above noted paragraph three of the statement of claim, that "Defendant delivered without consideration......the said promissory note......in the sum of $5,000, payable three months after date, to said W. H. West as its agent for the purpose of having the said......note discounted"; next, in reply to paragraph four, "that this part of plaintiff's......statement" was "admitted," thus admitting not only the correctness of the copy of the note furnished by plaintiff in the statement of claim, but also that such note was made, executed and delivered by defendant.

At trial, plaintiff offered the note in evidence, and the original document produced for that purpose coincided in every particular with the copy contained in the statement of claim. He also offered the third and fourth paragraphs of that pleading, together with the corresponding paragraphs of the affidavit of defense, and, having admitted the fact that $700 had been paid on account of the note, rested.

In connection with the offer of the third paragraph of the affidavit of defense, counsel for plaintiff stated that it was tendered in evidence "for the purpose only of putting on record the admission therein......that the note was executed and delivered [by] defendant, and without plaintiff's admitting the qualifying statements set forth in [such] paragraph." This was the only part of plaintiff's offers to which defendant entered an objection or was granted an exception, and, in connection therewith, appellant calls attention to the statement of this court in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, 434, where we said: "If the affidavit of defense only qualifiedly concedes a particular fact, and plaintiff offers it in evidence as though the fact were unqualifiedly admitted, it is the duty of defendant at that time to call attention to the qualification, by a proper objection; when this course is pursued, the court should not admit the evidence without the qualification; if it

does, an exception may be entered in support of a future assignment of error." Here, however, it is to be noted, first, that the court below admitted the whole of paragraph three of the affidavit of defense, including both the admissions of fact by defendant and the so-called qualifications thereof. True, counsel for plaintiff, in making his offer, stated that it was tendered "without plaintiff's admitting the qualifying statement set forth in the paragraph" in question. This, however, by no means removed the qualifying statement from the offer; it merely noted that plaintiff did not intend the facts contained in such qualification to be tendered as proof binding him. Next, the so-called qualifying facts,—to the effect that the note was delivered, without consideration, to West as the agent for defendant, for the purpose of having it discounted and the proceeds remitted to defendant,—even had they been received in evidence exactly as averred in the affidavit of defense, that is, without the restriction attempted to be made by plaintiff's counsel,—would not, standing alone, as they did, have served in any manner to prevent recovery. Defendant offered no evidence whatever, and, on the record as made, the court below properly gave binding instructions to the jury to render a verdict for plaintiff in the amount of the note, less the $700 paid on account.

The judgment is affirmed.