Baldwin, Appellant, *v.* Devereux Schools, Inc.

Argued January 13, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Geo. M. Henry,* with him *Harold R. McCowan* and *Charles I. Cronin,* for appellant.—Plaintiff was entitled to sue and recover on the note: Lishy v. O'Brien, 4 Watts 141; Delaware Co. Trust Co. v. Haser, 199 Pa. 17.

Plaintiff's measure of damage was the face of the note less payments made on account of the debt which it represented: Stegmaier v. Coal Co., 225 Pa. 221; Camden Nat. Bank v. Fries-Breslin Co., 214 Pa. 395.

There is no variance between pleadings and proofs: Parry v. Bank, 270 Pa. 556; Stegmaier v. Coal Co., 225 Pa. 221.

Even if the wrong measure of damage was adopted, this would not justify entry of judgment non obstante veredicto: Steward v. Renner, 19 Northampton Co. R. 364; Finley v. Transit Co., 263 Pa. 403.

*A. M. Holding,* of *Holding & Harvey,* for appellee.— Failure of the plaintiff to prove a demand for a return of the securities before commencement of the action justified judgment for the defendant.

This action is brought to recover, not the stock itself, but compensation for the loss of it. The question therefore is, what did the plaintiff lose?: Kimmel v. Stoner, 18 Pa. 157.

The appellant having neither averred or proved any damages, there was nothing shown to sustain any verdict: Parry v. Bank, 270 Pa. 557; Nikulnikoff v. Church, 97 Pa. Superior Ct. 291.

OPINION BY MR. JUSTICE SIMPSON, February 2, 1931:

A partnership, known as Devereux Schools, borrowed from plaintiff certain of her stocks and bonds, with leave to hypothecate them as security for a loan, agreeing to return them upon demand. They were so used, but never returned. Subsequently a corporation was formed, under the name of Devereux Schools, Incorporated, defendant herein, which took over the assets and agreed to pay the liabilities of the partnership, and, in pursuance of that agreement, gave to plaintiff a demand note, in the usual form, for the amount which had been borrowed with her securities as collateral, the note having endorsed on it these words: "This note is given in acknowledgment of a certain debt outstanding against the Devereux Schools [the partnership] and evidenced by a note of like tenor and amount heretofore given by the said Devereux Schools. Payment of the Devereux Schools note will constitute a discharge of this obligation." The pleadings admit that some thirteen months later the note given by defendant was presented for payment, which was refused, and this suit brought. At the trial, it was "agreed that the amount at issue is...... $3,036.24, with interest from October 1, 1929," and for this the jury rendered a verdict for plaintiff. Subsequently the court in banc erroneously entered judgment for defendant non obstante veredicto, and plaintiff took this appeal.

In its opinion, the court below expressed a doubt as to whether the suit was on the note or on the promise to return the securities, but the pleadings show that it was on the note. In the statement of claim, plaintiff sets up the note with its endorsement as above, her demand for its payment and defendant's refusal, a statement of the

payments of interest and on account of principal, her request that defendant return her securities, which they failed and refused to do; and averred that, in order to get them back, she would have to pay a balance of $3,036.24 due by defendant to the bank on account of the loan for which they were pledged as collateral; and that this sum with interest "represents the total balance due on the note of defendant" given for that loan. This shows plaintiff was suing on the demand note, and so defendant recognized, for, in its affidavit of defense, it "denies that it is obligated to plaintiff in any sum whatever on account of the note upon which this suit is based." There were, it is true, many additional irrelevant averments in the statement, but these may be ignored, so far as concerns the evidence plaintiff was required to produce: Stegmaier v. Keystone Coal Co., 225 Pa. 221; Moyer v. Blue Mountain Electric Co., 294 Pa. 265.

It is feebly contended that the note was without consideration. In the first place, this suggestion overlooks the fact that a consideration may move either from the plaintiff or to the defendant (Commercial Finance Co. v. DeMartelly, 269 Pa. 354), and hence, as the latter got all the assets of the partnership in consideration, inter alia, of its agreement to pay plaintiff, this is ample to sustain the note. In the second place, as plaintiff could have demanded the immediate return of her securities, her implied agreement to allow them to remain hypothecated for defendant's benefit, itself furnishes a sufficient consideration.

It is also hinted that, as the primary liability was to return to plaintiff her securities, the note was but a collateral obligation and upon it no suit could be brought. This, however, is erroneous. Where, as here, the alleged collateral consists of an unconditional promise to pay plaintiff a specified amount, she may sue upon it just as she could have done upon any other obligation of defend-

ant to her: Stegmaier v. Keystone Coal Co., supra; Provident Life & Trust Co. v. Gratz, 271 Pa. 133, 139; Ellis v. Sokoloff, 298 Pa. 535, 538.

The final contention is that, whether suit is brought on the primary or the collateral obligation, recovery is limited to the highest price of the securities from the date of demand for their return to the time of trial. If this were so, it would not help defendant, since it fails to consider the question upon whom the burden of proof rests. Having proved the execution and delivery of the note, and the demand for and refusal of payment, plaintiff had made out a prima facie case entitling her to recover the whole amount of the note. To overcome these prima facies, defendant was required to show not merely that the note was given as collateral for the return of plaintiff's securities, but also what, if anything, less than the amount of the note, would be sufficient to reimburse plaintiff for her loss, for all this was part of an affirmative defense, the burden of proof of which is always on the defendant: Lenig v. Eisenhart, 127 Pa. 59; Doud v. Hines, 269 Pa. 182, 185; Lipshutz v. Lipshutz, 274 Pa. 217; Dunn v. Tarentum Boro., 23 Pa. Superior Ct. 332, 336, per RICE, P. J. Defendant offered no proof on the point, however, and, hence, even on its own assumption, the prima facies in favor of plaintiff must prevail.

Moreover this contention of defendant wholly overlooks the situation of the parties and the rights of plaintiff. She did not sell her securities to the partnership, nor did she receive any recompense for their use; their loan was a matter of pure friendship. She did not bargain for their return or their value, but only for their return. This she had the right to do as a condition of their loan, and defendant, as successor of the partnership, must be held liable on its promise to return them. In the present disturbed state of the stock market, their market value may be, and probably now is, far below

their actual value, and it may well be that, when the suit is finally ended, the verdict would not be sufficient, if determined in the way claimed by defendant, to enable plaintiff to obtain the same or similar securities. Financial history tells of many occasions when this would have been so. At any rate, the bargain made by the parties was that the securities should be returned, and plaintiff was entitled to have that promise fulfilled. To allow her to recover the amount necessary to enable her to get back her securities in specie is not putting any undue burden on defendant. We may take judicial notice of the fact that when they were used as collateral, they were of greater value than the amount of the loan (as plaintiff avers, but did not prove, they are even now), for banks do not make loans on collaterals unless the value is substantially greater than the amount of the loan.

Nor will this disposition of the matter cause the defendant to pay twice, though, if it did, it would be the result of defendant's own acts, for when it borrowed plaintiff's securities, it promised to return them, and was liable for its failure so to do; and, when it borrowed from the bank, it promised to pay that loan and is liable therefor. If plaintiff gets the amount of the verdict, she will either have to pay off the bank's loan in order to get her securities, which will relieve defendant from liability on that account; or, if she does not do this, the bank will sell the securities, whereby defendant will get the benefit of their value in reduction of its debt to the bank. It is not necessary to pursue the subject further, however, for while plaintiff is entitled to a verdict which will fully protect her, so far as it can be done in this suit, defendant is also entitled to be protected from unnecessary loss, and protection to both will be given by the order which we will now make.

The judgment of the court below is reversed and judgment is directed to be entered on the verdict, with leave

to defendant to return to plaintiff her securities within such reasonable time as the court below may allow, and, if they are returned, plaintiff, upon receiving the costs of the suit, must satisfy of record the judgment in her favor.