## Union Central Life Insurance Company v. Melloy.

[black redaction box]

*Reber, Granger & Montgomery*, for plaintiff.

*James F. Ryan*, for defendant.

THOMAS, P. J., fifty-sixth judicial district, specially presiding, September 29, 1931.—The plaintiff in this case is a corporation engaged in the life insurance business and during the usual course of its business accepted applications for insurance on the life of the defendant in the total sum of $500,000. Plaintiff brings its action of assumpsit to recover $25,735 upon two notes, one for $15,441, dated June 19, 1930, and one for $10,294, dated July 24, 1930.

The statement of claim sets forth that these notes were renewal notes in payment of first premiums due on policies of life insurance for $300,000 and $200,000, respectively. The first note for $15,441 was a six-months note and at the expiration thereof the defendant paid the interest and executed and delivered the renewal note, a copy of which is as follows:

"Policy No. 1054667.

"15,441                         Philadelphia, Pa., June 19, 1930.

"On or before six months after date for value received I promise to pay to the order of The Union Central Life Insurance Company, of Cincinnati, Ohio, fifteen thousand, four hundred forty-one 00/100 dollars, with interest at six per cent per annum, payable at 1520 Widener Bldg., Philadelphia, being for premium due on Policy No. 1054667, in said company.

"This note or any extension thereof shall be a first lien on said policy and a set-off in the calculation of policy values. In default of payment, I agree to pay costs of collection.          [signed]   GEO. G. MELLOY,

"Penn Athletic Club."

The first note for $10,294 was also a six-months note and on expiration thereof the defendant paid the interest to the plaintiff and executed a renewal note for the same sum, a copy of which is as follows:

"Policy No. 1058350.

"$10,294                         Phila., Pa. July 24, 1930.

"On or before six months after date for value received I promise to pay to the order of The Union Central Life Insurance Company, of Cincinnati, Ohio, ten thousand, two hundred ninety-four 00/100 dollars, with interest at six per cent per annum, payable at 1520 Widener Bldg., Phila., Pa., being for premium due on policy No. 1058350 in said company.

"This note or any extension thereof shall be a first lien on said policy and a set-off in the calculation of policy values. In default of payment, I agree to pay costs of collection.

"[signed]   GEO. G. MELLOY,

"Penn Athletic Club."

The defendant has filed his affidavit of defense raising questions of law, and contends the statement is insufficient because (a) there is no averment that the provision requiring payment of the first premium has been waived in accordance with the terms of the policy, or has been waived by its agent; (b) there is no averment that the policies were in force and constituted a risk and liability on its part payable to the beneficiary; (c) there is no averment that the notes were accepted as payment of the premium due under the policies.

Stripped of the unnecessary number of paragraphs in the plaintiff's statement, this is an action which is covered by the Negotiable Instruments Law of 1901. Consideration is presumed under section twenty-four.

Plaintiff avers that it is the holder of said notes for a valuable consideration and that the defendant delivered these notes to the plaintiff. The plaintiff shows a *prima facie* case, the execution and delivery of the notes and the demand for and the refusal of payment, and this entitles it to recover: Baldwin *v.* Devereux Schools, Inc., 302 Pa. 569; Rosenberg *v.* Rhea, 86 Pa. Superior Ct. 29; Wise *v.* Armstrong & Latta Co., 299 Pa. 311.

The question of law submitted by the affidavit of defense raises the question whether a statement of claim in an action upon a promissory note executed and delivered by an insured to the insurance company, alleging delivery of the policy to the insured upon receipt of the note and a renewal of the same upon maturity of the note, is sufficient in law, where the application provides as follows:

"It is hereby agreed that any insurance issued on this application shall not take effect until the policy has been delivered to the applicant and the first premium due thereon has been paid and accepted by the company or its duly authorized agent during the applicant's lifetime and in good health."

The execution and delivery of the notes must be regarded as being in payment of the first premium, the policy being silent as to the mode of payment. The statement sets forth in paragraph six that the defendant paid the interest to the plaintiff on the notes and delivered a renewal note for the principal sum. Acceptance of the second note and the interest payment by the insurance company waived its right to deny the binding effect of the contract of insurance, and the policies were in force.

In the case of Ellis *v.* Anderson, 49 Pa. Superior Ct. 245 (syllabus), the law in Pennsylvania is stated: "The action of the general agent of a life insurance company in delivering a policy to the insured, and accepting his interest bearing notes for the amount of the *first* premium, constitutes a waiver of the provisions of the policy requiring the payment of the first premium in advance."

In the case of Union Central Life Insurance Co. *v.* Taggart, 55 Min. 95, 56 N. W. 579 (syllabus by the court), the same rule is likewise stated: "One of the conditions annexed to a policy of insurance was that it 'should not be valid or binding until the first premium was paid to the company,' but no special mode of payment was provided for in the policy. The company delivered the policy to the assured, and took his promissory notes for the first premium. *Held* that, even in the absence of any express agreement to that effect, the company must, in judgment of law, be deemed to have accepted the notes in payment of the premium, and the policy became binding, and constituted a valid consideration for the notes."

In 14 R. C. L. 966, § 139, the same rule is stated: "The better view is that though one of the conditions of an insurance policy is that it 'shall not be valid or binding until the first premium is paid,' if it is silent as to the mode

of payment, promissory notes received by the company, even in the absence of any express agreement, must be deemed to have been accepted in payment of the premium."

The policy having been in force and the defendant protected thereunder, he is liable for the premium: Laun v. Pacific Mutual Life Insurance Co., 131 Wis. 555, 111 N. W. 660; Interstate Life Assurance Co. v. Dalton, 165 Fed. 176.

The statement of claim is clear in both form and specification so as to entitle plaintiff to proceed to trial without amending it, and the law will permit a recovery by plaintiff: Davis et al. v. Investment Land Co., 296 Pa. 449.

### Decree.

And now, to wit, September 29, 1931, the affidavit of defense raising questions of law is not sustained. The defendant is given fifteen days to file a defense to the averments of fact in the statement of claim.