STAPLES v. PAN–AMERICAN WALL PA-PER & PAINT CO. (PAN–AMERICAN WALL PAPER & PAINT CORPORATION, Garnishee).

No. 4950.

Circuit Court of Appeals, Third Circuit.

Feb. 9, 1933.

Wm. H. Eckert, Harold Obernauer, William J. Kyle, Jr., and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for appellant.

H. K. Siebeneck and Seymour, Patterson & Siebeneck, all of Pittsburgh, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania. The plaintiff brought suit upon an alleged agreement by the defendant to purchase two hundred shares of the defendant corporation's own capital stock. The defendant filed an affidavit of defense raising questions of law to the plaintiff's statement of claim under section 20 of the Pennsylvania Practice Act of May 14, 1915, P. L. 483, 486 (12 PS § 471). The statutory demurrer was sustained by the court below and judgment entered for the defendant. When we construe all of the facts pleaded in the plaintiff's amended statement of claim most favorably to the plaintiff, the following situation is presented:

On November 1, 1930, Davis G. McCarn, then president of the defendant corporation, offered to buy two hundred shares of the corporation's own capital stock from the plaintiff. This offer was contained in a letter to the plaintiff, which read as follows:

"Nov. 1st, 1930.

"Dear Billy: The Book value of the P A stock as near as we can figure it, to Sept. 19th, would be $124.94 per share, we will buy it on this basis less dividend paid Oct. 10, will pay 10% cash and nine notes payable semiannually with interest at 5%.

"I shall have to find out from our lawyers just what authority we shall require for the sale. I am writing this long hand as the stenos are gone and I am going out of town tomorrow and do not expect to return much before the end of this week.

"Kindest regards,
"Davis G. McCarn."

The plaintiff did not accept the offer at the time, and no further action was taken until February 10, 1931, when McCarn orally renewed his offer on behalf of the defendant, and the plaintiff orally accepted it. On February 26, 1931, the plaintiff tendered the stock certificates to the defendant corporation. The defendant subsequently refused to comply with the alleged agreement to purchase.

The main defenses set up in the statutory demurrer are, first, that the alleged contract was not within the requirements of the Pennsylvania statute of frauds (Uniform Sales Act of May 19, 1915, P. L. 543 [69 PS § 42]); and, second, that an unreasonable length of time had elapsed between the offer to purchase and the delivery of the stock. Even though we assume that the letter of November 1, 1930, contained all the essential terms of the proposed contract, that the agency of McCarn and his authorization to enter into such a contract were shown, and that the letter was in all essentials such a memorandum in writing as to satisfy the

statute of frauds, the plaintiff was still not in a position to recover on his claim. Since the offer made November 1, 1930, contained no time limitation for acceptance, it was incumbent upon the plaintiff to accept within a reasonable time. Minneapolis & St. L. R. Co. v. Columbus Rolling-Mill Co., 119 U. S. 149, 151, 7 S. Ct. 168, 30 L. Ed. 376. The lapse of 101 days from the time of the offer without an acceptance was so long that no fair-minded man could have any doubt that the delay was unreasonable and was sufficient to justify the court in holding, as a matter of law, that a reasonable time for acceptance had expired. Foss-Schneider Brewing Co. v. Bullock (C. C. A.) 59 F. 83; Hamilton v. Phœnix Ins. Co. (C. C. A.) 61 F. 379.

The court may take judicial notice of general public knowledge that, throughout the period during which McCarn's offer was held in abeyance, the values of stocks were rapidly falling. Jacobs v. First Nat. Bank (C. C. A.) 48 F.(2d) 17; Baldwin v. Devereux Schools, Inc., 302 Pa. 569, 154 A. 21. We think the offer of November 1, 1930, had lapsed for want of acceptance within a reasonable time. Moreover, in order that the plaintiff might recover upon the offer of February 10, 1931, as accepted on February 26, 1931, that offer must itself have been in a writing containing the essential terms of the proposed contract, and must in itself have satisfied the requirements of the statute of frauds. Whether we deem McCarn's action on February 10, 1931, as amounting to a new offer or a revival of the old offer, it was in parole, and therefore not such as satisfies the statute.

Judgment affirmed.