## The Formigli Corporation v. Montgomery

*Paul R. Sand, William Davis* and *Isaiah W. Crippen*, for plaintiff.

*Jacques H. Fox* and *Samuel D. Brennan*, for defendants.

SWENEY, P. J., March 31, 1960.—This is a case in assumpsit tried by a judge without a jury. The Formigli Corporation, a subcontractor, sued the general contractor, Joseph W. Montgomery, trading as Montgomery Construction Company, for work done and materials furnished. Plaintiff was paid a total of $37,992.40, and after allowing for certain credits due defendant, brought this action in assumpsit for the balance claimed to be due, $11,647.60, plus interest thereon. The judge rendered a verdict for this amount.

The testimony discloses that on July 26, 1955, plaintiff orally offered to furnish, fabricate and deliver certain precast concrete material, including joists, channel slabs, spandrels and lintals and canopies, in their entirety for certain construction projects in which defendant was engaged for the total price of $50,000. On July 27, 1955, defendant, in writing, accepted plaintiff's offer. Plaintiff attached a copy of the written acceptance to its complaint, but did not aver it constituted the contract between the parties and did not offer the written acceptance into evidence.

At the outset of the trial, respective counsel agreed that the sum of $11,647.60, was due under the contract between the parties; however, defendant claimed certain setoffs to reduce that figure. The evidence offered by defendant failed to substantiate the setoffs claimed.

The sole issue to be resolved is whether plaintiff or defendant had the responsibility of going forward with evidence to show that the work performed by plaintiff had not received the approval of the "Owner, Architect and Montgomery Construction Company" as was specified in the written acceptance by defendant of plaintiff's offer.

Plaintiff's complaint was drawn concisely and with simplicity. The averments were an identification of the parties, the offer and the acceptance, that the work had been fully performed under "all of the covenants and agreements contained in its contract with defendant . . .", that defendant was entitled to certain credits, and that the balance due was the sum of $11,647.60, plus interest.

Defendant's answer denied that plaintiff fully complied with the terms of the agreement and asserted (a) that the written acceptance, designated plaintiff's exhibit "A", constituted the terms of the contract between the parties; (b) that said exhibit contained the following language: "All work and materials shall be in strict conformance with applicable plans and specifications, and shall be subject to the approval of the Owner, Architect, and Montgomery Construction Co."; (c) that the City of Philadelphia had not approved materials and labor furnished by plaintiff; (d) that the city takes the position that the work, labor and materials furnished by plaintiff are faulty, and, finally (e) that the city has not paid defendant for the same.

The foregoing denials of defendant raised certain affirmative issues of fact, and it is well settled that the one asserting the affirmative of the issue has the responsibility of proving it: Baldwin v. Devereux Schools, 302 Pa. 569. Thus, in this case, it was the obligation of defendant to produce evidence in support of the averments in the answer.

Plaintiff's proof conformed with its complaint, and

a prima facie case was made out. Defendant's proof, on the other hand, was contradictory of certain allegations contained in the answer, and in several instances testimony was offered that clearly indicated approval of the City of Philadelphia as well as the Montgomery Construction Company of the plans and specifications which guided the Formigli Corporation in the performance of its work for defendant.

The verdict rendered by the trial judge was consistent with the facts and the law applicable thereto and should not be disturbed. Accordingly we enter the following

*Order*

And now, March 31, 1960, it is ordered and decreed that:

1.  The verdict entered by the trial judge on April 20, 1959, in the amount of $13,088.99 in favor of the Formigli Corporation against Joseph W. Montgomery, individually and trading as Montgomery Construction Company, is sustained.

2.  The exceptions of defendant are dismissed.

3.  An exception is noted for defendant.